TEXTO COMPLETO DE LA RESOLUCION
El recurrente, José M. Blanco Bernard, solicita la revisión de una resolución emitida por la Junta de Libertad Bajo Palabra (en adelante la Junta) mediante la cual se le denegó el beneficio de libertad bajo palabra.
I
Los hechos que enmarcan la presente controversia son los siguientes.
El recurrente es un ciudadano dominicano. Actualmente extingue una sentencia de ocho (8) años en el Centro Correccional de Guayama. Al cumplir el mínimo de su sentencia, la Junta de Libertad Bajo Palabra asumió jurisdicción sobre su caso.
El 21 de mayo de 1996, el Servicio de Inmigración y Naturalización de Estados Unidos expidió una orden de retención ("detainer") en su contra. Posteriormente se ordenó su deportación.
*816 Mediante resolución fechada 4 de febrero de 2000, la Junta determinó no concederle el privilegio de libertad bajo palabra. Se le notificó dicha determinación el 2 de marzo de 2000. La Junta fundamentó su decisión en que el recurrente se encuentra imposibilitado de presentar un plan de salida viable.
En fecha 13 de marzo de 2000, el recurrente presentó solicitud de reconsideración ante la Junta. Al transcurrir el término de quince (15) días provisto por la Ley de Procedimiento Administrativo Uniforme para que la agencia actuara en cuanto a dicha moción, sin emitir ésta pronunciamiento alguno a esos efectos, se entendió la misma como rechazada de plano. En virtud de lo cual, Blanco Bernard recurrió ante nos en recurso de revisión.
El 14 de abril de 2000, este foro apelativo emitió resolución concediendo a la Junta de Libertad Bajo Palabra y/o al Procurador General un término de treinta (30) días para presentar su posición en tomo al recurso instado. Así las cosas, el 19 de mayo de 2000, el Procurador General presentó su alegato.
El recurrente solicitó la revisión de los siguientes errores:

“Primero:

Erró la Junta al señalar que el recurrente era ilegal.

Segundo:

Erró la Junta al incumplir su Reglamento, el que prohíbe negar la libertad bajo palabra a un confinado por haberse emitido en su contra una orden de retención ("detainer").

Tercero:

Incidió la Junta al concluir que está impedida de concederle la libertad bajo palabra a un confinado por estar sujeto a deportación, pues no existe disposición legal alguna que lo impida.

Cuarto:

Erró la Junta al actuar en forma arbitraria y caprichosa al negar la libertad bajo palabra al recurrente por estar sujeto a ser deportado, ya que en otras ocasiones ha concedido libertad bajo palabra a extranjeros sujetos a deportación.

Quinto:

La Junta incidió al determinar que el recurrente no cualifica para libertad bajo palabra por estar imposibilitado de presentar un plan de salida viable.

Sexto:

Erró la Junta al concluir que la concesión de la libertad bajo palabra posee como requisito indispensable la supervisión del candidato en la libre comunidad.

Séptimo:

La Junta incidió al determinar que un extranjero sujeto a deportación, no cualifica para libertad bajo palabra, pues esa determinación es discriminatoria, violenta la cláusula constitucional de igual protección de la ley y es contraria al mandato constitucional de facilitar la rehabilitación moral y social de los convictos. ”

*817 Estudiado el expediente, el derecho aplicable, y con el beneficio de la comparecencia de las partes, acordamos denegar el recurso instado.
n
En primer lugar, y dado el hecho de que en su escrito el Procurador General admitió que fue un error de la agencia establecer en su resolución que el Sr. Blanco Bernard es un residente ilegal, entendemos que es inmeritoria la discusión del señalamiento de error planteado a esos efectos. Además, la discusión del mismo no altera en forma alguna la adjudicación del recurso. Procedemos, pues, a examinar los restantes planteamientos.
El Tribunal Supremo ha sostenido reiteradamente que las conclusiones e interpretaciones de los organismos administrativos especializados en cuanto a las leyes y reglamentos que les corresponde administrar, deben merecer la mayor consideración y respeto por los tribunales, y que su revisión judicial se limita a determinar si la agencia actuó arbitraria o ilegalmente o en forma tan irrazonable que su actuación constituyó un abuso de discreción. Fuertes v. ARPE, 134 D.P.R. 947 (1993); Murphy Bernabé v. Tribunal Superior, 103 D.P.R. 692 (1975).
La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 de 12 de agosto de 1988, 3 L.P.R.A. §2101 et seq., y su jurisprudencia interpretativa, nos obligan a examinar la decisión administrativa impugnada con un prisma de consideración y respeto. A esta norma de deferencia, va unida una presunción de legalidad y corrección que debe respetarse mientras no se pruebe convincentemente que la agencia abusó de su discreción. Murphy Bernabé v. Tribunal Superior, supra.
Así las cosas, los tribunales deben indagar sobre la razonabilidad de la determinación administrativa y no deben sustituir el criterio de dicho organismo por el suyo propio, a menos que se violen derechos constitucionales o que la actuación administrativa sea totalmente arbitraria. Facultad para las Ciencias Sociales Aplicadas, Inc. v. C.E.S., 133 D.P.R. 521 (1993).
En Emanuelli v. Tribunal de Distrito, 74 D.P.R. 541 (1953), el Tribunal Supremo expresó que el beneficio de libertad bajo palabra es un privilegio o gracia legislativa y no un derecho que sea susceptible de reclamarse judicialmente. Dicho privilegio se otorgará a un confinado para el mejor interés de la sociedad y cuando las circunstancias establezcan que tal medida logrará la rehabilitación moral y económica del confinado. 4 L.P.R.A. §1503; Lebrón Pérez v. Alcaide, 91 D.P.R. 567 (1964).
Se trata, pues, del ejercicio legítimo de la discreción que tiene la Junta en el descargo de la autoridad en ella delegada para decretar la libertad bajo palabra de cualquier persona en las instituciones penales del país. Cf. 4 L.P.R.A. § 1503.
El Artículo XXÜI del Reglamento de la Junta de Libertad Bajo Palabra dispone:
"No se le negará la libertad bajo palabra a cualquier confinado que sea elegible para disfrutar de tal privilegio por el sólo hecho de que exista una orden de retención contra dicho confinado emitida por alguna otra jurisdicción, ya sea estatal, federal o del extranjero, siempre y cuando dicho confinado esté cualificado para la misma." 
De otro lado, dicho Reglamento, en su sección 10.1 (C), establece que la existencia y viabilidad de un plan de salida para el confinado es uno de los factores determinantes para la concesión o denegación de la libertad bajo palabra. Asimismo, la sección 12.2 señala que como parte de la concesión de la libertad bajo palabra, la Junta tendrá amplia discreción para imponer al liberado, modificar y cambiar todas y cada una de las condiciones que estime necesarias y convenientes para concederla.
De los autos se desprende que el 21 de mayo de 1996, el Servicio de Inmigración y Naturalización de los *818 Estados Unidos expidió una orden de retención contra el recurrente. Posteriormente, en fecha 2 de julio de 1998, el Tribunal de Inmigración de los Estados Unidos emitió orden para deportarlo a su país de origen.
No hay controversia en cuanto a que dicha orden ha de ser ejecutada por las autoridades pertinentes tan pronto el recurrente sea excarcelado. La concesión de libertad bajo palabra, la libertad supervisada o la probatoria no constituirían impedimento para su deportación a tenor con la legislación federal aplicable. 8 U.S. C.A. §1231 (a) (4) (A). No existe, pues, remedio alguno que le pueda detener en Puerto Rico.
De ocurrir la deportación, tal hecho imposibilitará a éste presentar a la Junta de Libertad Bajo Palabra un plan de salida viable tal como establece el Reglamento de la Junta como factor determinante para que dicho cuerpo pueda mover su juicio discrecional.
Un convicto en libertad bajo palabra queda bajo la custodia legal y sujeto a la intervención directa de la Junta de Libertad Bajo Palabra. Lebrón Pérez v. Alcaide, supra. (Enfasis nuestro) En este caso, la situación actual del recurrente pone un claro y potencial riesgo a la Junta de ver privada su facultad de supervisar el plan de rehabilitación de éste en caso de concederle la libertad bajo palabra.
El hecho incontrovertido de que la orden de deportación emitida ha de ejecutarse tan pronto se excarcele al recurrente, hará imposible que la Junta ejerza su función de supervisión directa. La concesión de la libertad bajo palabra en este caso tendrá el efecto de permitir al recurrente la salida con carácter casi permanente de esta jurisdicción. Estando el recurrente localizado en República Dominicana, no existirán medios para que la Junta pueda descargar adecuadamente su deber de comprobar si éste cumple las condiciones que le puedan ser impuestas como requisito para poder extinguir el resto de su sentencia en la libre comunidad.
El recurrente argumenta que la Junta actuó en contravención a su Reglamento al negarle el privilegio de libertad bajo palabra por el sólo hecho de estar sujeto a una orden de retención emitida por otra jurisdicción. Nos parece inmeritorio su planteamiento. Veamos.
Ciertamente, el Reglamento de la Junta, en su Artículo XXIII, impone dicha limitación a la facultad discrecional de la Junta. Sin embargo, dicho articulado no es aplicable a al caso de marras.
Surge de los autos que la Junta no denegó la libertad bajo palabra al recurrente por estar sujeto a una orden de retención, sino por las consecuencias -antes discutidas- que implica la ejecución de una orden de deportación en su contra, lo que impedirá la implantación de un plan de salida que haga viable su supervisión.
Entendemos que la Junta no incumplió su Reglamento. La realidad es que dicho organismo no basó su decisión en el hecho de que pesa una orden de retención contra el recurrente. Al emitir su decisión, la Junta tomó en cuenta factores como la posibilidad de supervisar al liberado y la existencia y viabilidad de un plan de salida. 
Igualmente, es improcedente el planteamiento referente a que la acción impugnada violó la igual protección de las leyes. Basta con mencionar que no es que se haya denegado la libertad bajo palabra por el simple hecho de que se trata de un extranjero que no posee ciudadanía norteamericana. Cf. De Paz Lisk v. Aponte Roque, 124 D.P.R. 472 (1989) La base de la decisión de la Junta fue la falta de un plan de salida que haga viable la supervisión del recurrente de concedérsele la libertad bajo palabra. No surge de los autos, y el recurrente tampoco ha establecido en qué forma, si alguna, la Junta dictaminó en la manera en que lo hizo por razón de no ser éste ciudadano de los Estados Unidos de Norteamérica. Por ende, tampoco se cometió el error señalado.
Finalmente, sobre el argumento de que la Junta incumplió el mandato constitucional de facilitar la rehabilitación moral y social de los convictos, el recurso se limita hacer manifestaciones insustanciales. Es norma reiterada que una mera alegación de error que luego no se discute, no es motivo para alterar la decisión *819 de un tribunal o agencia. Quiñones López v. Manzano Pozas, Op. de 25 de junio de 1996, 96 J.T.S. 95.
De todas formas, no consta que el recurrente haya propuesto mecanismos o métodos altemos adecuados que le permitan a la Junta cumplir con su mandato de supervisar la libertad condicional de un liberado mediante la imposición de condiciones viables que estime convenientes para concederla bajo las presentes circunstancias.
En su recurso, se circunscribe a alegar que la Junta ha concedido libertad bajo palabra en otras ocasiones a extranjeros sujetos a deportación. Para fundamentar su señalamiento, el recurrente incluyó copia de una resolución de la Junta mediante la cual concedió la libertad bajo palabra a un confinado (Sr. Héctor Cedeño Avila) sujeto a una orden de retención dictada por las autoridades federales. No obstante, no discutió o abundó nada en cuanto al particular, razón por la cual no nos coloca en posición de considerar su planteamiento, ni de alterar por ello la determinación de la agencia. Cf. Quiñones López v. Manzano Pozas, supra.
Además, de la faz de dicho planteamiento surge que su caso es distinto a aquél, dado que existe en su contra una orden de deportación, no sólo de retención, cuyas implicaciones, como antes discutimos, le impide la presentación de un plan de salida viable.
Ante las circunstancias de este caso, no puede decirse que la Junta abusó de su discreción al denegar al recurrente el beneficio de libertad bajo palabra o que dicha actuación fuera irrazonable. El peticionario no ha demostrado que satisface los requisitos para beneficiarse del privilegio de libertad bajo palabra. La denegación de dicho privilegio por este organismo administrativo constituyó un ejercicio legítimo de la discreción que tiene en el descargo de la autoridad que en ella se ha delegado. 4 L.P.R.A. see. 1503.
Procede, pues, otorgar deferencia a la determinación emitida por la Junta de Libertad Bajo Palabra.
Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.
Lo acuerda y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIOS 2001DTA 48
1. Mediante una orden de retención ("detainer"), el Servicio de Inmigración y Naturalización de los Estados Unidos (S.I. N.) le notifica a una agencia gubernamental su intención de obtener la custodia de un extranjero que está bajo la custodia de esa agencia, con el fin de arrestar y deportar al extranjero. 8 C.F.R. see. 287.7 (a). Dicha orden constituye una solicitud del S.I.N. a la agencia, en situaciones en que obtener la misma resulte imposible o impracticable, para que antes de liberar al extranjero le informe el hecho, a los fines de que el organismo federal pueda hacer los arreglos pertinentes para asumir su custodia.
2. Reglamento Núm. 3570 de la Junta de Libertad Bajo Palabra, vigente desde el 12 de marzo de 1988.
3. Sobre este particular, otros tribunales han resuelto que la falta de supervisión de un convicto en su lugar habitual de residencia, es un factor apropiado a considerar en la determinación de si se le concede o no el beneficio de una sentencia suspendida. Cf. State v. Galván Cárdenas, 799 P. 2d 19, 22 (Ariz. App. 1990); People v. Sánchez, 235 Cal Rptr. 264, 265-267 (Cal. App. 1987) - lo cual por analogía es de aplicación al beneficio de libertad bajo palabra.
4. Véase Apéndice del recurso, a la pág. 46.