Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GUILLERMO CRUZ CORREA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400010 | Revisión procedente de la Junta de Libertad Bajo Palabra<br><br>Caso núm.: 147513<br><br>Confinado B705-37437<br><br>Sobre: Denegatoria de Libertad Bajo Palabra |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio, el juez Marrero Guerrero y la jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2024.

La Junta de Libertad Bajo Palabra (la "Junta") denegó una solicitud de privilegio de libertad bajo palabra, ello al razonar que no se había corroborado que existiese un hogar viable para el solicitante. Según se explica en detalle a continuación, procede la confirmación de la decisión recurrida.

I.

El Sr. Guillermo Cruz Correa (el "Recurrente") cumple una sentencia de 48 años de reclusión. La fecha tentativa para cumplir su sentencia es el 3 de junio de 2057. El Recurrente advino elegible para ser considerado por la Junta en junio de 2023. El Recurrente solicitó a la Junta que le concediera el privilegio de libertad bajo palabra.

Mediante una Resolución de 30 de agosto de 2023, la Junta denegó la solicitud del Recurrente. En lo pertinente, la Junta razonó que el Recurrente "no cuenta con propuesta de hogar viable, según surge de la corroboración de información realizada por el programa de comunidad Carolina" y que el Recurrente "no dispone de un plan de salida debidamente estructurado y viable en sus tres áreas de

Número Identificador
SEN2024_____

salida". A la luz de lo anterior, la Junta determinó no conceder el privilegio al Recurrente y volver a considerar el caso en agosto de 2024. Además, la Junta indicó que, para esa nueva vista, el Departamento de Corrección y Rehabilitación ("Corrección") deberá someter un informe de ajuste y progreso con el plan de salida debidamente corroborado.

Al tomar su decisión, la Junta contó con un *Informe de Libertad Bajo Palabra* realizado por Corrección. El mismo arrojó que el Recurrente informó que se proponía residir en el hogar de su madre, la Sa. Marta Correa López, quien se encuentra bajo el privilegio de pase extendido, con monitoreo electrónico, por haber sido condenada por los hechos que culminaron en la condena del Recurrente. Surge, además, que el núcleo familiar incluía a su padrastro, el Sr. Iván Rosario López. El Recurrente cuenta con oferta de empleo y propuso al Sr. Isidro Valenzuela Beltre como amigo consejero, ya que este lo conoce hace 19 años.

El Recurrente solicitó reconsideración a la Junta; en esta ocasión, propuso un nuevo hogar para residir. El titular de la residencia propuesta es el Sr. Valenzuela, quien ya fue corroborado como su amigo consejero. En atención a dicha reconsideración, el 10 de octubre de 2023, la Junta acogió la misma. Mediante esta, la Junta determinó solicitar al Programa de Comunidad de Carolina de Corrección corroborar el hogar propuesto por el Recurrente. La Junta le concedió a Corrección un término de 30 días para cumplir con lo ordenado.

El 29 de noviembre, el Programa de Comunidad de Carolina de Corrección rindió a la Junta un *Informe Breve Libertad Bajo Palabra*, mediante el cual corroboró el hogar propuesto por el Recurrente. A su vez, dispuso que el hogar propuesto se encuentra en una avenida muy concurrida rodeada, en su mayoría, de oficinas comerciales. Posteriormente, el Oficial Examinador rindió un

informe en el que recomendó a la Junta conceder el privilegio de libertad bajo palabra al Recurrente, sujeto a ciertas condiciones.

El 19 de diciembre, la Junta notificó una Resolución mediante la cual denegó la solicitud de reconsideración del Recurrente.

Inconforme, el 10 de enero, el Recurrente presentó el recurso de epígrafe, en el que formula los siguientes señalamientos de error:

1. Erró y abusó de su discreción la Junta de Libertad Bajo Palabra en denegar la libertad bajo palabra al Recurrente a pesar de que no existe en el expediente recomendación negativa y el privilegio fue recomendado por el Examinador que evaluó el plan de salida.

2. Erró y abusó de su discreción la Junta de Libertad Bajo Palabra al denegar la concesión de libertad bajo palabra sin expresar las razones para su denegación en la que se limitó a suscribir un simple no ha lugar.

Resolvemos.

II.

Al evaluar una solicitud de revisión judicial, los tribunales tienen que otorgar mayor deferencia a las decisiones que toman las agencias administrativas, pues son éstas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET*, 168 DPR 66, 91 (2006). Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y éstas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo con la totalidad de la prueba examinada. *Íd*. Por lo tanto, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente, ilegalmente o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd*.

Por su parte, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin

embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd.*

En resumen, al ejercer su facultad revisora el tribunal debe considerar los siguientes aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están basadas en evidencia sustancial que surge del expediente, y (3) si las conclusiones de derecho fueron correctas. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012).

### III.

La Junta está autorizada a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico [...]" para que cumpla la última parte de su sentencia fuera de la institución. Arts. 1 y 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada ("Ley 118"), 4 LPRA secs. 1501 y 1503.

El beneficio de la libertad bajo palabra es un privilegio, no un derecho, y se le otorgará a un confinado cuando sirva al mejor interés de la sociedad y propicie la rehabilitación moral y económica del individuo, según la sana discreción de la Junta. *Quiles v. Del Valle*, 167 DPR 458, 475 (2006); *Lebrón Pérez v. Alcaide, Cárcel de Distrito*, 91 DPR 567, 570-571 (1964); *Emanuelli v. Tribunal de Distrito*, 74 DPR 541, 549 (1953).

Para ejercer adecuadamente su discreción, la Junta aprobó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento 9232). Este reglamento establece las reglas procesales y sustantivas que gobiernan las funciones adjudicativas del mencionado organismo administrativo. A su vez, este incorpora las disposiciones de los

procedimientos adjudicativos estatuidos por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.[1]

El Artículo X del Reglamento 9232 establece los criterios que la Junta deberá considerar al evaluar la solicitud de libertad bajo palabra de un confinado. Específicamente, la Sección 10.1 del Reglamento 9232 detalla ciertos criterios de elegibilidad, entre los cuales destacamos los recogidos en la Sección 10.1 (B)(7):

7. **Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero**.

   a. El plan de salida podrá ser en Puerto Rico, en cualquier estado de los Estados Unidos o en cualquier otro país que tenga un tratado de reciprocidad con Estados Unidos.

   b. Cuando el plan de salida propuesto sea fuera de la jurisdicción de Puerto Rico:

   [...]

   e. Residencia

      i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.

      ii. **De proponer una residencia, el peticionario proveerá el nombre completo y número de teléfono de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra**.

      iii. **De proponer una residencia propia y no contar con recurso familiar, deberá presentar como recurso y apoyo el amigo consejero o alguna persona que le pueda servir de apoyo, aunque no resida con el peticionario. Deberá presentar el nombre completo de esa persona, número de teléfono y correo**

---

[1] Ley Núm. 38-2017, 3 LPRA secs. 9601 y ss.

**electrónico. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone recibir el peticionario de serle concedida la libertad bajo palabra**.

iv. Si el peticionario interesa ingresar a un programa interno, tendrá que presentar la carta de aceptación del programa, así como proponer una residencia alterna en la cual disfrutará de los pases, en los casos que aplique. Dicha residencia alterna será corroborada para determinar su viabilidad. Si la residencia alterna no resulta viable, el peticionario no podrá disfrutar de pases hasta tanto no provea una residencia alterna viable, y así lo autorice la Junta.

v. **Para determinar si la vivienda propuesta es viable, la Junta considerará**:

(a) **Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos**.

(b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.

(c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.

(d) Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.

(e) **Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta**, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

f.  Amigo consejero

i.  El amigo consejero tiene la función de cooperar con la Junta y el Programa de Comunidad en la rehabilitación del peticionario.

[...] (Énfasis suplido).

Resulta preciso señalar que "la Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad". Sec. 10.1 (B)(12) del Reglamento 9232.

A su vez, la Sección 10.2 del Reglamento 9232 enumera los documentos que deberán ser sometidos ante la Junta para que se pueda considerar una solicitud.  Será deber de los empleados de Corrección proveer a la Junta todo documento que contenga información relevante a los criterios antes esbozados.  Sec. 10.2 (A) del Reglamento 9232.  Entre los documentos que deberán ser remitidos a la Junta se encuentran: el *Informe de Libertad Bajo Palabra* y el *Informe Breve de Libertad Bajo Palabra.*

El *Informe de Libertad Bajo Palabra* es un "[e]studio realizado por un técnico de servicio sociopenales del Programa de Comunidad de [Corrección], el cual incluye el historial social y delictivo; circunstancias del delito(s), versión oficial del delito, dirección postal y física y opinión del perjudicado, opinión de la familia y la comunidad respecto a la liberación del miembro de la población correccional, ajustes institucionales, descripción, corroboración, evaluación del plan de salida, más cualquier otra información relevante que el técnico de servicios sociopenales considere debe conocer la Junta".  Art. V (y) del Reglamento 9232.

Por otro lado, el *Informe Breve de Libertad Bajo Palabra* constituye una "[i]nvestigación realizada por el técnico de servicios sociopenales del Programa de Comunidad del Departamento de

Corrección y Rehabilitación, cuyo fin será, entre otras cosas, corroborar la viabilidad del plan de salida propuesto y la opinión de la comunidad inmediata". Art. V (w) del Reglamento 9232.

Las vistas en los casos de libertad bajo palabra se celebrarán ante la Junta, cualquier miembro o un Oficial Examinador. Art. XI (C) del Reglamento 9232. Una vez celebrada una vista, presidida por un Oficial Examinador, éste preparará un informe en el cual hará un resumen de la evidencia recibida, exponiendo separadamente las determinaciones de hecho y conclusiones de derecho que fundamentan su recomendación. Sec. 14.2(A) del Reglamento 9232. En cuanto a la recomendación del Oficial Examinador, la Junta la evaluará, pero emitirá su propia determinación mediante la correspondiente resolución. Art. XIV, Sección 14.2 (D) del Reglamento Núm. 9232.

Por otro lado, las conclusiones y recomendaciones contenidas en un informe no obligan a la agencia, la cual tiene facultad para dictaminar sobre las cuestiones en controversia sobre la base de su propia consideración. Es decir, una agencia administrativa no tiene que acoger la totalidad de un informe preparado por un oficial examinador, sino las partes de aquél que considere correctas. *Misión Ind. P.R. v. J.C.A.*, 145 DPR 908, 933-934 (1998).

Finalmente, en cuanto a las determinaciones sobre libertad bajo palabra, el reglamento dispone que "[c]uando la Junta deniegue la libertad bajo palabra, expresará individualmente en su resolución las determinaciones de hecho y conclusiones de derecho que fundamentan dicha determinación, así como indicará fecha (mes y año) en que volverá a considerar el caso". Sec. 12.3 (B) del Reglamento 9232. Así, dispone que la Junta tomará toda determinación final a base de la preponderancia de la prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso. Sec. 14.1 (A) del Reglamento 9232.

IV.

Concluimos que procede confirmar la decisión recurrida, pues el Recurrente no demostró que la misma sea irrazonable o contraria a derecho.

Consideramos razonable la conclusión inicial de la Junta, plasmada en la Resolución de 30 de agosto de 2023, a los efectos de que el Recurrente no contaba con un hogar viable, por lo cual no presentó un plan de salida debidamente estructurado. En efecto, el *Informe de Libertad Bajo Palabra* demostró que el Recurrente propuso residir en el hogar de su madre, quien se encuentra bajo el privilegio de pase extendido con monitoreo electrónico. Así, en esta etapa, el Recurrente falló en demostrar ante la Junta un hogar viable para la concesión del privilegio de libertad bajo palabra.

Tampoco podemos concluir que sea irrazonable, o contraria a derecho, la determinación de la Junta de denegar la reconsideración del Recurrente. Del récord surge que, a pesar de hacer las gestiones pertinentes, Corrección no pudo obtener la postura de la comunidad en la cual está el hogar que el Recurrente propuso en reconsideración. Resaltamos, además, que el deber último de determinar sobre la concesión del privilegio de la libertad bajo palabra recae en la Junta, sin que está tenga necesariamente que coincidir con las recomendaciones del Oficial Examinador.

En consecuencia, no podemos concluir, ni el Recurrente nos ha convencido, que la Junta haya actuado de forma irrazonable al no concederle el privilegio de libertad bajo palabra. Por el contrario, su determinación se basó en la ley y la reglamentación que rigen su discreción y en la evidencia sustancial que obraba en el expediente que tenía ante sí.

V.

Por los fundamentos expuestos, se confirma la resolución recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones