| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL V | | |
| REINALDO RIVERA MORALES<br>**Recurrente**<br><br>Vs.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br>**Recurrida** | KLRA202400071 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Querella Núm. 145465<br><br>SOBRE:<br>Posposición |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 4 de abril de 2024.

El 12 de febrero de 2024, el Sr. Reynaldo Rivera Morales (señor Rivera o recurrente), compareció ante nos, por derecho propio, mediante un recurso de revisión judicial el cual intituló como *Reconsideración a la determinación de la Junta de Libertad Bajo Palabra* y solicitó la revisión de una *Resolución* que se emitió el 12 de diciembre de 2023 y se notificó el 19 de diciembre de 2023 por la Junta de Libertad Bajo Palabra (JLBP o recurrida). Mediante el aludido dictamen, la JLBP determinó no conceder el remedio solicitado por el recurrente.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

### I.

Conforme surge del expediente de autos, el 12 de diciembre de 2023, la JLBP emitió una *Resolución.*[1] En esta, la recurrida destacó que el recurrente era un confinado que fue sentenciado a cumplir una pena de veinticinco (25) años y seis (6) meses en prisión, tras habérsele hallado culpable por el delito de asesinato en

---

[1] Véase apéndice de la parte recurrida, págs. 1-3.

segundo grado y por violación al Art. 5.04 de la *Ley de Armas* y el Art. 2 de la *Ley 15*. Aclaró que, por tal motivo, la fecha de extinción de dicha sentencia estaba pautada de manera tentativa para el 4 de marzo de 2028. Asimismo, se desprende de la *Resolución* que 31 de marzo de 2021, la JLBP adquirió jurisdicción sobre el caso del señor Rivera y correspondía la revisión de su expediente. Por tal motivo, una vez la JLBP realizó su evaluación, formuló las siguientes determinaciones de hechos:

1. Del expediente surge que el peticionario se encuentra clasificado en custodia mediana desde el 27 de junio de 2012. Del expediente no surge que el peticionario haya realizado cambios significativos en su nivel de custodia desde que se encuentra confinado.

2. Del expediente surge que el peticionario posee detainer federal.

3. Del Informe de Libertad Bajo Palabra de 13 de octubre de 2023 que forma parte de su expediente surge que el peticionario no cuenta con hogar viable según la investigación realizada en comunidad.

4. Cuenta con amigo consejero corroborado y viable por el programa de comunidad.

5. No cuenta con propuesta de empleo y/o oferta académica viable.

6. Realiza labores de mantenimiento en institución.[2]

A base de estas determinaciones de hechos, la JLBP concluyó que el recurrido no cualificaba para el beneficio de libertad bajo palabra y por tal motivo no concedió dicho privilegio. Asimismo, la recurrida expresó que el caso se volvería a tomar en consideración en noviembre de 2024 y que para dicha fecha el Departamento de Corrección y Rehabilitación debería someter un informe de ajuste y progreso con un plan de salida debidamente corroborado.

Inconforme con este resultado, 12 de febrero de 2024, el recurrente compareció ante nos mediante un recurso de revisión

---

[2] Id., pág. 1.

intitulado *Reconsideración a la determinación de la Junta de Libertad Bajo Palabra* y nos formuló los siguientes señalamientos de error:

> **Su señoría, entendemos la Junta erró al no investigar las razones "injustificadas" a mi parecer — énfasis propio— por lo cual el peticionario ha tenido que mantener una custodia de mediana seguridad por tantos años y no se le ha ratificado una de menores restricciones a pesar de su excelente expediente y plan institucional.**
>
> **También entendemos erró al usar el "detainer" como fundamento para negar el privilegio al peticionario ya que el "detainer" en sí solo no es fundamento.**
>
> **Su señoría, entendemos que el Sr. Rosario, investigador de la Junta, conllevó a la misma a errar al entregar un reporte equivocado, confuso e incorrecto cuando menciona que el peticionario no cuenta con un hogar viable. ¿Nos preguntamos cómo es eso posible después de haber ido tres (3) veces a la residencia de mi Sra. Madre?**
>
> **Su señoría, otro grave error fue y es decir que el peticionario no cuenta con propuesta de estudio cuando la misma debe figurar en su expediente desde el 2021.**
>
> **Su señoría, si lo único que encontró la Junta para poder denegar el privilegio de L.B.P al peticionario fueren esos seis (6) planteamientos de los que hemos demostrado que unos son mal entendidos en otros por poca comunicación entre las partes y en otro reporte contuso, incorrectos, podríamos decir que no tienen razón alguna para negar el privilegio y hoy lo hemos demostrado con todos los anejos que enviamos.**[3]

Atendido el recurso, el 21 de febrero 2024, le concedimos un término a la recurrida para que nos informara la fecha de entrega de la resolución de la JLBP al recurrente y si este solicitó reconsideración, ello con el propósito de auscultar nuestra jurisdicción. En cumplimiento con esta orden, el 4 de marzo de 2024, la JLBP presentó una *Moción en Cumplimiento de Resolución* en la cual indicó que el recurrente fue notificado de la resolución recurrida el 12 de enero de 2024 y que este no presentó reconsideración de la determinación. Así las cosas, le concedimos a

---

[3] Para una mejor compresión, hemos corregidos ciertos errores tipográficos que estaban presentes en el recurso.

la recurrida hasta el 21 de marzo de 2024 para que presentara su alegato. Tras pedir una prórroga para comparecer, la cual concedimos mediante una *Resolución*, oportunamente compareció la Oficina del Procurador General de Puerto Rico en representación de la JLBP con su escrito en oposición y negó los errores imputados por el recurrente. Con el beneficio de la comparecencia de las partes, nos disponemos a resolver la controversia que está ante nuestra consideración.

## II

### -A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Graciani Rodríguez v. Garaje Isla Verde, LLC*, 202 DPR 117, 126 (2019).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Caldero López*, supra, pág. 35. Lo anterior responde "a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados". Íd.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Graciani Rodríguez v. Garaje Isla Verde, LLC*, supra, pág. 128. Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia

administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

La Junta de Libertad Bajo Palabra (JLBP) se creó mediante la aprobación de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA. Sec. 1501, *et seq*. Este sistema permite que una persona convicta y sentenciada a un término de cárcel cumpla la última parte de su sentencia fuera de la institución penal, sujeto al cumplimiento de ciertas condiciones impuestas. *Maldonado Elías v. González Rivera*, 118 DPR 260, 275 (1987). Ahora bien, **la libertad bajo palabra es un privilegio, no un derecho,** el cual se otorga en el mejor interés de la sociedad y cuando las circunstancias establezcan que propiciará la rehabilitación del confinado. *Lebrón Pérez v. Alcaide, Cárcel de Distrito*, 91 DPR 567, 573 (1964).

La concesión del beneficio de libertad bajo palabra tiene el propósito principal de ayudar a los confinados a reintegrarse a la sociedad en forma positiva tan pronto están capacitados, sin tener que estar encarcelados por todo el término de la sentencia impuesta. *Maldonado Elías v. González Rivera,* supra. Además de la

rehabilitación de los confinados, la JLBP persigue la protección de los mejores intereses de la sociedad y las víctimas de delito. Debido a que el Estado tiene un alto interés en proteger la sociedad, si una persona viola las condiciones de la libertad bajo palabra puede ser reingresada sin tener que recibir todas las garantías procesales que cobijan a un acusado en un encausamiento criminal. *Maldonado Elías v. González Rivera,* supra, pág. 265-266.

Para dar cumplimiento a este mandato de ley, se creó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento 9232). Este reglamento establece lo concerniente a la concesión del privilegio de libertad bajo palabra. En lo pertinente, la Sección 10.1 del Art. X de dicha regulación dispone lo concerniente a los criterios de elegibilidad:

A. La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

   1. Historial delictivo

   […]

   **f. Si existe una orden de detención ("detainer") emitida por cualquier estado de los Estados Unidos, el tribunal federal, el gobierno federal y/o del Servicio de Inmigración y Naturalización.**
   **i. El sólo hecho de que exista una orden de detención ("detainer") contra un peticionario no será fundamento para denegar la libertad bajo palabra siempre y cuando el peticionario cumpla con todos los demás criterios.**

   2. Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario.

   3. La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello.

a. La Junta no concederá libertad bajo palabra cuando el peticionario se encuentre en custodia máxima.

4. La edad del peticionario.

4. La opinión de la víctima.

[…]

5. El historial social

a. Se tomará en consideración la totalidad del expediente social.

b. Si anteriormente ha estado en libertad bajo palabra, libertad a prueba o cualquier otro programa de desvío.

[…]

c. El historial de ajuste institucional y el historial social preparado por el Departamento de Corrección y Rehabilitación.

d. Si se le han impuesto medidas disciplinarias, disponiéndose que no se tomarán en consideración aquellas medidas disciplinarias en las cuales ha transcurrido un (1) año desde la fecha en que se impuso dicha medida disciplinaria.

e. El historial de trabajo y/o estudio realizado en la institución.

f. En los casos contemplados en el Artículo VII, Sección 7.4 de este Reglamento, el peticionario debe haber observado buena conducta en la institución por un lapso razonable de tiempo que no será menor de un (1) año natural, ininterrumpido, a la fecha de cumplir con las condiciones para el privilegio.

6. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

[…]

d. Oferta de empleo y/o estudio.

i. **Todo peticionario deberá proveer una oferta de empleo, en la alternativa, un plan estudios adiestramiento vocacional o estudio y trabajo.**

ii. **La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, incluyendo la siguiente información:**

(a) Nombre completo, dirección postal, física, electrónica y teléfono(s) de la persona que ofrece el empleo.

(b) Nombre, dirección postal, física, electrónica y teléfono(s) y naturaleza del negocio en el cual se ofrece el empleo.

(c) Funciones que ejercerá el peticionario y el horario de trabajo.

iii. Los planes de estudio, incluyendo adiestramiento vocacional y/o el programa de

estudio y trabajo, **se presentarán sometiendo la carta de aceptación de la institución, educativa, con expresión del programa o facultad al cual ingresará**.

iv. La falta de oferta de empleo o estudio no será razón suficiente para denegar el privilegio.

v. Se exime de presentar una oferta de empleo o estudios en aquellos casos en que el peticionario padezca de alguna incapacidad física, mental o emocional, debidamente diagnosticada y certificada por autoridad competente, o sea mayor de sesenta (60) años.

e. Residencia

i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.

ii. De proponer una residencia, el peticionario proveerá el nombre completo, número de teléfono y correo electrónico de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.

[...]

v. Para determinar si la vivienda propuesta es viable, la Junta considerará:

(a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.

(b) **Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario**.

(c) Condición de la planta física de la residencia y cantidad de habitantes de la misma,

(d) Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito.

(e) Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.

(f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

[...]

12. La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad. (Énfasis suplido)

III.

En la presente controversia, el señor Rivera nos solicitó la revisión de la *Resolución* que la JLBP emitió el 12 de diciembre de 2023. En síntesis, el recurrido planteó la comisión de cinco (5) errores por parte de la recurrida. En esencia, en su primer señalamiento de error, adujo que la JLBP erró al no investigar los razones por la cual el recurrente ha permanecido custodia de mediana seguridad por tantos años. Igualmente, en su segundo señalamiento de error, destacó que un *detainer* por si solo no era fundamento para negar el privilegio solicitado. En su tercer señalamiento de error, cuestionó la determinación de la recurrida referente a que el recurrente no contaba con un hogar viable. Asimismo, en su cuarto señalamiento de error, alegó que la JLBP incidió en concluir que el recurrido no contaba con una propuesta de estudio y en su quinto señalamiento de error alegó que las seis (6) determinaciones de hechos que formuló la recurrida no eran razón suficiente para denegar el privilegio solicitado. Por su parte, la parte recurrida sostuvo que, luego de la evaluación correspondiente, se concluyó que el señor Rivera incumplió con ciertos requisitos dispuesto en el Art. X del Reglamento 9232.

De entrada, es menester destacar que no consideraremos el primer señalamiento de error formulado por el recurrente toda vez que del dictamen recurrido no se desprende nada concerniente a la clasificación de custodia que tenía el señor Rivera. Aclarado lo anterior, procederemos a discutir los restantes cuatro (4) errores de manera conjunta. *Veamos.*

Es sabido que el ejercicio de revisión judicial a determinaciones de agencias administrativas se limita a la evaluación en torno a si el foro recurrido actúo de manera arbitraria, ilegal o irrazonable, y si sus acciones constituían en abuso de discreción. Al realizar esta evaluación, debemos considerar la

especialización y experiencia de la agencia. *Mun. de San Juan v. J.C.A.,* 149 DPR 263, 281-282, (1999). Por ello, ante la ausencia de prueba que establezca que el foro recurrido actuó de forma arbitraria, ilegal, irrazonable, o huérfana de evidencia sustancial, estamos obligados a conceder la deferencia que merece la determinación de la JLBP en cuanto denegar la concesión del privilegio de libertad bajo palabra al recurrente. Ello es así, pues es dicha agencia es el ente con la pericia para determinar la concesión del privilegio solicitado conforme a lo que requiere nuestro estado de derecho.

Es meritorio señalar que, según la prueba que obra en el expediente, el señor Rivera incumplió con ciertos requisitos dispuestos en la sección 10.1 del Reglamento 9232. En particular, surge del *Informe de Libertad Bajo Palabra*, que la comunidad donde el recurrente pretendía residir se opuso a la probatoria.[4] De tal modo, no se satisfizo la exigencia contenida en la Sección 10.1 (B) (7) (e) (v) (b) del Reglamento 9232. De la misma forma, dicho informe reveló que el recurrente no contaba con una propuesta de empleo u oferta académica viable, incumpliendo así con la Sección 10.1 (B) (7) (d) del ya mencionado reglamento. Además, es preciso destacar el lenguaje de la Sección 10.1 (B) (1) (f) (i), el cual establece que el hecho de que una persona solicite el beneficio de libertad bajo palabra posea un *detainer*, por si solo no representa un fundamento para denegar el privilegio, siempre y cuando se cumpla con los demás criterios dispuestos en el reglamento. Por ello, a tono con el análisis que antecede, concluimos que la acción administrativa de la JLBP fue adecuada y correcta, por lo cual, los errores formulados por el señor Rivera no se cometieron.

IV.

---

[4] Véase apéndice de la parte recurrida, pág. 6.

Por los fundamentos que anteceden, ***confirmamos*** la determinación recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                              Lcda.  Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones