Víctor Manuel Lebrón Pérez, peticionario y apelante, *v.* Alcaide Cárcel Distrito Humacao, demandado y apelado.

*Número:* AP-64-14  *Resuelto:* 18 de diciembre de 1964

568

*Elizabeth Watlington,* abogada del apelante; *J. B. Fernández Badillo, Procurador General,* y *Peter Ortiz, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Tanto el apelante como el Procurador General han solicitado la revocación de la sentencia dictada por el Tribunal Superior, Sala de Humacao, en 24 de febrero de 1964, declarando sin lugar un recurso de hábeas corpus interpuesto por dicho apelante cuestionando la legalidad de su re-encarcelación después de haber estado cumpliendo en libertad bajo palabra las siguientes sentencias:

1—Sentencia de 1ro. de mayo de 1961, Tentativa de Escalamiento en Primer Grado, uno a tres años de presidio.

2—Sentencia de un año de cárcel por Escalamiento en Segundo Grado dictada en 17 de agosto de 1961.

3—Sentencia de uno a cuatro años de presidio por Escalamiento en Primer Grado dictada el 12 de diciembre de 1961.

En 16 de octubre de 1962 cuando ya había cumplido el mínimo más largo de estas tres sentencias, la Junta de Liber-

tad Bajo Palabra le concedió la libertad bajo palabra y fue excarcelado el 6 de noviembre del mismo año.

Para esta última fecha estaba pendiente ante este Tribunal la apelación de la sentencia impuéstale el día 12 de diciembre de 1961 por el delito de Escalamiento en Primer Grado. En 5 de diciembre de 1963 confirmamos dicha sentencia. El 28 de enero de 1964 fue encarcelado nuevamente en virtud de una orden dictada por la Sala de Humacao del Tribunal Superior para dar cumplimiento a la sentencia confirmada por este Tribunal. Al día siguiente la Junta acordó dejar sin efecto su acuerdo de 16 de octubre concediéndole la libertad bajo palabra basándose para ello en que había tomado el mismo sin jurisdicción.

Interpuso el apelante una petición de hábeas corpus ante el propio Tribunal Superior, Sala de Humacao. Luego de expedirse el auto y celebrarse una vista dicha petición fue declarada sin lugar. Resolvió dicho Tribunal: "Si el peticionario apeló de la sentencia dictada contra él en la causa criminal G-61-170, cuya sentencia fue confirmada por el Tribunal Supremo el día 5 de diciembre de 1963, resulta claro que la Junta de Libertad Bajo Palabra carecía de autoridad, facultad y jurisdicción para concederle los beneficios que establece la ley a una persona que habiendo sido convicta de delito grave había, por sus propias actuaciones, dado base a que quedara en suspenso la ejecución de la sentencia en tanto en cuanto un Tribunal de Apelaciones determinaba si dicha sentencia era o no legal o válida. Es cierto que el peticionario fue puesto en libertad bajo palabra . . . en las tres causas, pero al hacerlo la Junta, por falta de suficiente información, por error o inadvertencia de alguna entidad o institución, le concedió los beneficios de dicha libertad bajo palabra en una de las causas cuya sentencia no era firme a la fecha del acuerdo adoptado por la Junta. En tales condiciones dicho acuerdo carecía de validez legal por cuanto según hemos expresado antes, la sentencia no era firme y en estricto dere-

cho el acusado no lo estaba cumpliendo, no empece que estuviera cumpliendo sentencias por otros delitos y que en las mismas tal vez el acuerdo de la Junta concediéndole la libertad bajo palabra resultara legal."

■ La Ley creando la Junta de Libertad Bajo Palabra y la Ley estableciendo un sistema de libertad a prueba en los tribunales de justicia de Puerto Rico son gemelas, en cuanto a los fines que persiguen. Ambas establecen medidas para lograr la rehabilitación del delincuente. La que crea la Junta está interrelacionada a su vez con la Ley de Sentencias Indeterminadas.

La Junta está autorizada para decretar la libertad bajo palabra de cualquier persona confinada en las instituciones penales de Puerto Rico cuando las circunstancias presentes le permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del delincuente. Dos preceptos legales distintos señalan (1) el momento desde cuando la Junta asume jurisdicción sobre un convicto y (2) el momento en que puede concederle la libertad bajo palabra. La Ley de Sentencias Indeterminadas dispone que una vez que la persona haya cumplido el término mínimo fijado por el tribunal sentenciador para el delito cometido, quedará bajo la jurisdicción de la Junta. En caso de personas sentenciadas a más de una sentencia indeterminada—concurrentes o consecutivas—la Junta adquirirá jurisdicción cuando la persona haya cumplido un período de prisión igual al mínimo más largo. Y en cuanto al momento en que la Junta puede conceder la libertad condicional una vez adquiera jurisdicción, dispone la propia ley de Sentencias Indeterminadas que será cuando tenga la razonable convicción de que en el delincuente se ha iniciado el cambio favorable que se desea. ([1])

------

([1]) La Sec. 1025 del Título 34 de Leyes de Puerto Rico Anotadas, Suplemento 1964, dispone:

"§ 1025. Libertad bajo jurisdicción de la Junta de Libertad bajo Palabra después de cumplir término mínimo.

La ley creando la Junta de Libertad bajo Palabra, no dispone, por ser ello innecesario, desde cuando la Junta asume jurisdicción sobre un sentenciado, pero en cuanto al momento en que le puede conceder la libertad bajo palabra repite con otro lenguaje lo dispuesto en la Ley de Sentencias Indeterminadas. Así vemos que la Ley creando la Junta dispone: "La libertad bajo palabra sólo será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes le permitan a la Junta crear con razonable certeza que tal medida había de lograr la rehabilitación moral y económica del delincuente . . . ." "Ningún confinado podrá ser puesto en libertad bajo palabra si no hubiese estado recluido aquel período de tiempo necesario para que, a juicio de la Junta, se hubiere iniciado en él el cambio favorable indispensable para lograr su rehabilitación completa mediante su excarcelación condicional . . . ." [2]

"Una vez que la persona haya cumplido el término mínimo fijado por el tribunal sentenciador para el delito cometido, quedará bajo la jurisdicción de la Junta de Libertad bajo Palabra, la cual podrá concederle su libertad condicional cuando tenga la razonable convicción de que en dicha persona se ha iniciado el cambio favorable que se desea y, una vez que esté en libertad bajo palabra, continuará bajo su jurisdicción y supervisión hasta la expiración del total de la sentencia o sentencias que se le hayan impuesto, por razón del delito o delitos cometidos.

En casos de personas sentenciadas a más de una sentencia indeterminada, sean éstas para cumplirse concurrente o consecutivamente, la Junta de Libertad bajo Palabra adquirirá jurisdicción cuando el individuo haya cumplido un período de prisión igual al mínimo más largo. En casos de personas sentenciadas a reclusión perpetua, la Junta de Libertad bajo Palabra adquirirá jurisdicción cuando el individuo haya cumplido 12 años naturales de prisión."

[2] La Sec. 606 del Título 4 de las Leyes de Puerto Rico Anotadas, Suplemento 1964, dispone:
"§ 606. Requisitos y procedimientos para libertad bajo palabra
La Junta queda por la presente autorizada para decretar la libertad bajo palabra de cualquier persona confinada en cualquiera de las instituciones penales de Puerto Rico, de acuerdo con las disposiciones de las secs. 601 a 617 de este título.
La libertad bajo palabra sólo será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes le permitan a la Junta creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del delincuente, siendo indispensable que en todo caso

██ Nada hay en ninguna de estas leyes que impida a la Junta de Libertad Bajo Palabra asumir jurisdicción sobre un confinado, una vez éste haya cumplido el término de prisión mínimo más largo, por el mero hecho de que éste ejerció su derecho de apelación y el recurso se encuentre pendiente de resolución. Si bien hasta ahora no hemos pasado sobre el punto específico decidido por el Tribunal Superior en este caso, tuvimos oportunidad de examinar una cuestión similar en *Pueblo* v. *Vélez*, 76 D.P.R. 142 (1954), aunque interpretando la ley sobre sentencias suspendidas y libertad a prueba. En dicho caso rechazamos la contención del Fiscal al efecto de que "habiendo establecido recurso de apelación el acusado, los efectos de la sentencia han quedado suspendidos y por lo tanto las condiciones de su libertad a prueba han quedado

---

la Junta, al resolver en cuanto a los méritos del mismo, tenga ante sí un informe detallado, conteniendo las circunstancias en que se cometió el delito, historial de familia e historia social, así como el posible récord penal del confinado, y su conducta, ocupación y actitud durante el período de reclusión, incluyendo la recomendación que de él hace el Jefe del establecimiento penal en que esté recluido.

Ningún confinado podrá ser puesto en libertad bajo palabra si no hubiere estado recluido aquel período de tiempo necesario para que, a juicio de la Junta, se hubiere iniciado en él el cambio favorable indispensable para lograr su rehabilitación completa mediante su excarcelación condicional bajo la supervisión constructiva de la Junta y ésta esté plenamente convencida de que dicho confinado es capaz y está dispuesto a cumplir con las obligaciones de un ciudadano respetuoso de la ley.

Antes de ser puesto en libertad bajo palabra el confinado deberá ser informado de todos los pormenores de su caso y de las condiciones bajo las cuales es puesto en libertad, debiendo aceptar las últimas por escrito.

El mandato de libertad bajo palabra deberá ser firmado por los miembros que participen en la consideración del caso particular, en cuadruplicado: el original será entregado al confinado, una copia para el archivo de la Junta, otra, para ser unida al expediente del confinado en la institución, y la otra para ser remitida al tribunal sentenciador.

Toda persona en libertad bajo palabra quedará bajo la custodia legal y sujeta a la intervención directa de la Junta, según se dispone más adelante.

La Junta podrá adoptar las reglas y reglamentos que crea convenientes, no inconsistentes con lo dispuesto en las secs. 601 a 617 de este título, con respecto a la elegibilidad de confinados para la liberación bajo palabra así como para el gobierno de su conducta durante el período de tiempo en que habrán de estar sujetos a supervisión."

suspendidas". Resolvimos por el contrario que el privilegio de la libertad a prueba concedido en una sentencia suspendida no puede revocarse por el único fundamento de que se haya apelado de la sentencia condenatoria y asimismo que al aceptar un convicto la libertad a prueba, con ello no renuncia su derecho a apelar. (³) De acuerdo con la propia ley creando la Junta, toda persona en libertad bajo palabra quedará bajo la custodia legal y sujeta a la intervención directa de la Junta. 4 L.P.R.A. sec. 606; *Emanuelli* v. *Tribl. de Distrito*, 74 D.P.R. 541 (1953). La situación de un convicto que ha recibido los beneficios de una sentencia suspendida, no es distinta, excepto que en este último caso la persona puesta a prueba queda bajo la custodia legal del tribunal aunque supervisada por la Junta de Libertad bajo Palabra. 34 L.P.R.A. sec. 1027, Suplemento Acumulativo 1964 y 34 L.P.R.A. sec. 1028.

■ Siendo idéntico el propósito de ambas leyes, debe darse la misma interpretación a sus disposiciones correlativas. 67 C.J.S. § 18, pág. 600.

■ Al disfrutar de la libertad bajo palabra el aquí apelante de hecho cumplía fuera de prisión las tres sentencias bajo la custodia de la Junta, aunque una de dichas sentencias estuviera pendiente en apelación. La libertad bajo palabra, lo mismo que la libertad a prueba tienen que ver con la rehabilitación del prisionero y no con la determinación de su

---

(³) Convenimos con el Procurador General en que "en Puerto Rico se ha rechazado la doctrina seguida en algunas jurisdicciones al efecto de que la aceptación de una sentencia suspendida o de la libertad bajo palabra convierte la apelación en académica. 117 A.L.R. 929, *Williams* v. *State*, 87 P2d 344 (Okl.); *People* v. *Collis*, 101 NE 2d 739 (Ill.); *People* v. *Pyros*, 35 NW 2d 281 (Mass.). Pero la Regla Federal y la de otros estados es que la aceptación no impide el proseguir con la apelación. *Berman* v. *U.S.*, 302 US 211, 82 L ed 204; *Korematsu* v. *U.S.*, 319 US 432, 87 L ed 1499; *Arbuckle* v. *U.S.*, 146 F2d 657; *Dorsett* v. *State*, 287 SW 2d 655 (Tex); *State* v. *Witte*, 100 A 2d 754 (N.J.); *State* v. *Carpenter*, 176 P 2d 919 (Idaho); *Ex Parte Mullen*, 79 A 2d 173 (Me.)." (Informe Procurador General, pág. 9.)

culpabilidad. *Berman* v. *U.S.*, 302 U.S. 211, 82 L.Ed. 204. Como el prisionero había cumplido el mínimo más largo de las tres sentencias—34 L.P.R.A. sec. 1025(⁴)—la Junta había adquirido jurisdicción para concederle la libertad bajo palabra. En el caso de *Jones* v. *Cunningham*, 9 L.Ed.2d 285, citado por el Procurador General, se resolvió que el hecho de que una persona esté disfrutando de la libertad bajo palabra no le impide instar un recurso de hábeas corpus para cuestionar su convicción ya que realmente está bajo custodia y sujeto a cualquier revocación del privilegio.

Erró pues el tribunal a quo al resolver que la actuación de la Junta fue nula por falta de jurisdicción.

*Se revocará la sentencia apelada y se ordenará la excarcelación del apelante, quien deberá continuar cumpliendo las tres sentencias bajo la custodia y condiciones impuestas por la Junta de Libertad bajo Palabra.*

---

(⁴) "El propósito de esta medida es conceder a la Junta de Libertad Bajo Palabra autoridad para entender en los casos de aquellas personas que han sido sentenciadas a cumplir condenas por varios delitos; una vez dichas personas hayan cumplido el período mínimo más largo. Bajo la ley actual si una persona es sentenciada a cumplir varias sentencias consecutivamente, es necesario esperar a que se cumplan todos y cada uno de los períodos mínimos correspondientes a dichas sentencias para que la Junta de Libertad Bajo Palabra pueda tener jurisdicción en el caso." (Informe Procurador General, pág. 10.) (Informe de la Comisión de lo Jurídico de la Cámara de Representantes; *Diario de Sesiones* de 1961, pág. 1785.)