Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| AUGUSTO FLORIAN CORNELIO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | KLRA202400160 | Revisión Administrativa procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm. 146208<br><br>Sobre:<br>No Concesión de Libertad Bajo Palabra Reconsideración Volver a Considerar |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos el señor Augusto Florián Cornelio (señor Florián Cornelio o recurrente) y nos solicita que revoquemos el *Resolución* emitida por la Junta de Libertad Bajo Palabra (en adelante Junta) el 26 de enero de 2024. Por medio del referido dictamen, la Junta determinó que el señor Florián Cornelio no cualificaba para beneficiarse del privilegio de libertad bajo palabra.

Examinado el recurso presentado, así como el derecho aplicable, acordamos **confirmar** el dictamen recurrido.

-I-

El señor Florián Cornelio es un confinado que se encuentra cumpliendo una sentencia de veinticinco (25) años por los delitos de Asesinato en Segundo Grado e infracción a los Artículo 5.04, 5.10 y 5.15 de la Ley de

Armas de Puerto Rico.[1] La referida sentencia se cumple tentativamente el 14 de marzo de 2028. El señor Florián Cornelio presentó una petición de consideración al privilegio de libertad bajo palabra.

Así las cosas, el 26 de enero de 2024, la Junta emitió una Resolución mediante la cual esbozó las siguientes determinaciones de hechos:

1. Al momento de la evaluación del expediente, surge de la parte de epígrafe, no cuenta con casos ante los tribunales, denuncias o querellas institucionales.
2. El peticionario se encuentra clasificado en Custodia Mínima dese el 26 de enero de 2022, conforme se desprende de su expediente.
3. A parte peticionaria ha demostrado tener un plan de salida estructurado en el amigo consejero.
4. No cuenta con un plan de salida en el área de empleo y no podrá tenerlo, ya que las secciones 1324y 1324(A) de la Ley de Inmigración y Naturalización de los Estaos Unidos de Norteamérica, prohíben que un ciudadano o un residente de los Estaos Unidos de Norteamérica, provea asilo o trabajo a un inmigrante ilegal en icho país y sus territorios. Por tanto, si la ley federal lo prohíbe y es campo ocupado en lo relacionado a la inmigración, el inmigrante ilegal no tendría trabajo, ya que su patrono podría ser sancionado. Este fundamento estaría en contravención al requerimiento de un plan de salida viable en el área de empleo.
5. Cuenta con un orden Federal de Inmigración con fecha del 1 de julio de 2012, sujeto a deportación por parte del Servicio de Inmigración y Naturalización Federal de los Estados Unidos de Norteamérica. El peticionario es ciudadano de la República Dominicana y su estatus bajo el Servicio de Inmigración y Naturalización Federal de los Estados Unidos de Norteamérica es de Inmigrante ilegal.
6. El 25 de febrero de 2015, le fue realizada la muestra de ADN, conforme lo requiere l ley número 175 del 24 de julio de 1998, según enmendada.
7. Completó tratamiento de Patrone Adictivos con fecha del 14 de junio de 2023.
8. Completó curso de Control de Conducta Violenta el 14 de junio de 2014.
9. Completó la evaluación Psicológica de la Sección Programa de Evaluación y

---

[1] 25 LPRA secc. 456.

Asesoramiento (SPEA) y la fecha de esta fue el 30 de diciembre de 2022.

10. No cuenta con un plan de salida viable en el área de vivienda, por haber orden de deportación federal vigente y sujeto a deportación.

11. Completó Aprendiendo a Vivir in Violencia a través del (SPEA) el 29 de diciembre de 2022.[2]

Conforme a lo anterior, la Junta determinó que el señor Florián Cornelio no cumplió con los requisitos para ser elegible para el beneficio de libertad bajo palabra. Ello, debido a que el peticionario no cuenta con un plan de salida en el área de empleo ni vivienda y no podrá tenerlo. Esto, debido a la orden de deportación federal vigente.[3]

Inconforme, el 16 de febrero de 2024, el recurrente solicitó una reconsideración de la resolución emitida por la Junta.[4] Mediante *Resolución* del 4 de marzo de 2024, la Junta declaro *No Ha Lugar* la moción de reconsideración del señor Florián Cornelio.

Insatisfecho aún, el 1 de abril de 2024, el recurrente presentó el recurso ante nuestra consideración y alegó la comisión de los siguientes errores:

**ERRÓ LA JUNTA DE LIBERTAD BAJO PALABRA EN DENEGAR LA LIBERTAD BAJO PALABRA AL RECURRENTE POR LA ÚNICA RAZÓN DE TENER UN DETAINER DE INMIGRACIÓN RESULTANDO LA DETERMINACIÓN EN UN DISCRIMEN POR LUGAR DE ORIGEN.**

**ERRÓ LA JUNTA DE LIBERTAD BAJO PALABRA AL DENEGAR LA CONSENSIÓN DE LIBERTAD BAJO PALABRA AL RECURRENTE BAJO EL FUNDAMENTO DE QUE SU ESTATUS MIGRATORIO NO PUEDE EXIMIRLE DE CUMPLIR CON LOS REQUISITOS DE LEY PARA BENEFICIARSE DEL PROGRAMA DE LIBERTAD BAJO PALABRA IGNORANDO CON ELLO CON ELLO UE PRECISAMENTE POR SU ESTATUS MIGRATORIO EL RECURRENTE NO PUEDE CUMPLIR CON LA LEY Y EN SU CONSECUENCIA DEBERÍA CUMPLIR LA PENA CARCELARIA EN SU TOTALIDAD A DIFERENCIA DEL RESTO DE LA POBLACIÓN PENAL.**

---

[2] Apéndice del Recurso, página 13.
[3] Apéndice del recurso, página 15.
[4] Apéndice del Recurso, páginas 4-11.

Luego de examinar el expediente ante nuestra consideración, estamos en posición de resolver.

-II-

**A. La Revisión Judicial**

Es norma reiterada que las determinaciones de los entes administrativos gozan de "una presunción de legalidad y corrección que los tribunales debemos respetar, mientras la parte que las impugna no presente la evidencia suficiente para derrotarla".[5] las decisiones de los organismos administrativos merecen la mayor deferencia judicial. Son estos los que cuentan con el conocimiento y la experiencia especializada en los asuntos que les son encomendados.[6]

De esta manera, la revisión judicial de las determinaciones administrativas se limita a revisar si su actuación fue razonable, y solo cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales.[7]

Es importante resaltar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida.[8]

---

[5] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).
[6] Véase, *Accumail PR v. Junta Sub. AAA*, 170 DPR 821 (2007).
[7] *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 822 (2012).
[8] *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016).

**B. Reglamento de la Junta**

Por virtud de la Ley de la Junta de Libertad Bajo Palabra, Ley Núm. 118 de 22 de julio de 1974, según emendada, la Junta está autorizada a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico […]" para que cumpla la última parte de su sentencia fuera de la institución.[9] La libertad bajo palabra no es un derecho, sino un privilegio que se le concede a un confinado cuando sirva al mejor interés de la sociedad y propicie la rehabilitación moral y económica del individuo, *según la sana discreción de la Junta*.[10]

Para ejercer adecuadamente su discreción, la Junta aprobó el reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento 9232). Este reglamento establece las normas procesales y sustantivas que gobiernan las funciones adjudicativas de la Junta. Además, incorpora las disposiciones de los procedimientos adjudicativos estatuidos por la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico.[11]

El Artículo X del reglamento 9232 establece los criterios que la Junta deberá considerar al evaluar la solicitud de libertad bajo palabra de un confinado. En particular, la Sección 10.1 detalla ciertos criterios de elegibilidad, entre los cuales se destaca la Sección 10.1(B)(1)(f)(i):

---

[9] 4 LPRA sec. 1501; 4 LPRA sec. 1503.
[10] Quiles v. del Valle, 167 DPR 458, 475 (2006); *Lebrón Pérez v. Alcaide, Cárcel de Distrito*, 91 DPR 567, 570-571 (1964); *Emanuelli v. Tribunal de Distrito*, 74 DPR 541, 549 (1953).
[11] Ley Núm. 38-2017, 3 LPRA secs. 9601 *et seq*.

Si existe una orden de detención ("detainer"[12]) emitida por cualquier estado de los Estados Unidos, el tribunal federal, el gobierno federal y/o del Servicio de Inmigración y Naturalización.

i. El solo hecho de que exista una orden de detención ("detainer") contra un peticionario no será fundamento para denegar la libertad bajo palabra **siempre y cuando el peticionario cumpla con todos los demás criterios**.[13]

Es importante señalar que "la Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad".[14]

**-III-**

Concluimos que procede confirmar la decisión recurrida, pues el recurrente no demostró que la misma sea irrazonable o contraria a derecho.

Consideramos razonable la conclusión inicial de la Junta, plasmada en la *Resolución* de 26 de enero de 2024, a los efectos de que el Recurrente no contaba con un plan de empleo ni un plan de vivienda, por lo cual no presentó un plan de salida debidamente estructurado. En efecto, los ciudadanos o residente de los Estados Unidos de Norteamérica no pueden proveerle asilo ni empleo a una persona que sea un inmigrante ilegal. Además, contra el señor Florián Cornelio pesa una orden de deportación federal. Así, en esta etapa, el recurrente falló en demostrar ante la Junta un hogar viable para la concesión del privilegio de libertad bajo palabra.

---

[12] El Artículo V del Reglamento define el "Detainer" Federal como el "Auto de detención federal emitido por las autoridades federales pertinente para que se cumpla una sentencia pendiente."

[13] Énfasis suplido.

[14] Sec. 10.1(B)(12) del Reglamento 9232.

En consecuencia, no podemos concluir, ni el señor Florián Cornelio nos ha convencido, que la Junta haya actuado de forma irrazonable al no concederle el privilegio de libertad bajo palabra. Por el contrario, su determinación se basó en la ley y la reglamentación que rigen su discreción y en la evidencia que obraba en el expediente que tenía ante sí.

**-IV-**

Por los fundamentos expuestos, se *confirmar* la determinación de la Junta.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones