ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| JOEL VALENTÍN ÁVILA<br><br>RECURRENTE<br><br>V.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>RECURRIDOS | KLRA202400415 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm.: 148515<br><br>Sobre:<br>No concesión del Privilegio de Libertad Bajo Palabra-Volver a Considerar |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

Comparece Joel Valentín Ávila (señor Valentín Ávila o el recurrente) y solicita la revocación de la *Resolución* emitida el 25 de mayo de 2024, por la Junta de Libertad Bajo Palabra (JLBP), notificada el 1 de julio de 2024. Mediante la referida *Resolución* la JLBP denegó la solicitud del recurrente para la concesión el privilegio de libertad bajo palabra.

Por los fundamentos que expondremos a continuación confirmamos la Resolución recurrida emitida por la JLBP.

**I.**

El recurrente se encuentra ingresado en el Centro de Detención del Oeste de Mayagüez, cumpliendo una sentencia de diez (10) años de reclusión, por el delito de Agresión Grave, Artículo 3.1 de la Ley Núm. 54-1989, (Maltrato) e infracción al Artículo 5.04 y 5.15 de la Ley de Armas. La fecha tentativa de extinción de la sentencia es el 7 de septiembre de 2026. El 20 de mayo de 2024, el recurrente compareció ante la JLBP a la vista de consideración para la concesión del privilegio de libertad bajo palabra,

celebrada mediante el sistema de videoconferencia. El señor Valentín Ávila compareció representado por el licenciado Víctor M. Valentín Feliciano- A la vista compareció, además, Dámaris Sánchez, Técnica de Servicios sociopenales quien tuvo ante sí los expedientes del recurrente.

Tras evaluar el expediente criminal y social del señor Valentín Ávila, el 25 de mayo de 2024, la JLBP emitió *Resolución*, notificada el 1 de julio de 2024, en la que denegó al señor Valentín Ávila la concesión del privilegio de libertad bajo palabra. En dicha *Resolución,* la JLBP hizo las siguientes determinaciones de hecho:

### DETERMINACIONES DE HECHOS

1. Se desprende del expediente social que el peticionario fue objeto de una querella disciplinaria 5 de diciembre de 2023 (315-23-154), por Uso de Equipo o Maquinaria sin Autorización, Abuso o Mal uso de Privilegio y Desobedecer una Orden Directa siendo sancionado con la privación de privilegios de visita, comisaría, correspondencia, recreación activa, actividades especiales y cualquier otro privilegio que se le fuera concedido en la institución por el término de 15 días consecutivo con cualquier otra sanción.

2. Conforme el expediente criminal el peticionario se encuentra clasificado en custodia en mediana seguridad desde el 15 de marzo de 2024, al presente.

3. La oferta de empleo sometida por el peticionario no pudo ser debidamente corroborada por el personal del Programa de Comunidad del DCR debido a que fue radicada el 16 de mayo de 2024, fecha posterior a que se realizara la investigación del plan de salida por parte del Programa de Comunidad de Mayagüez del DCR.

4. No se desprende del expediente que el peticionario haya sido evaluado por el personal de SPEA, para determinarse si amerita tratamiento, tomando en consideración la naturaleza de los delitos por los cuales cumple sentencia, la Junta se reafirma en dicha solicitud.

5. El 18 de abril de 2018, el peticionario realizó pago de la pena especial de $1,200.00 dólares.

6. El 5 de abril de 2018, le fue realizada al peticionario la muestra de ADN conforme lo requiere el derecho vigente en Ley 175 del 24 de julio de 1998.

7. El 5 de octubre de 2018, el peticionario completó el tratamiento de Patrones Adictivos del DCR.

8. El peticionario completó la sentencia del Artículo 5.04 de la Ley de Armas, el 25 de junio de 2022 y el artículo 5.15 de la Ley de Armas el 25 de junio de 2023.

En desacuerdo, el 30 de julio de 2024, el recurrente presentó el recurso de epígrafe y señala como error de la JLBP lo siguiente:

ERRÓ LA JLBP EN SUS "DETERMINACIONES DE HECHOS"; SEGÚN SE RELACIONAN ADELANTE.

Damos por perfeccionado el recurso de revisión judicial presentado por el señor Valentín Ávila el 30 de julio de 2024 y procedemos a resolver la controversia que nos ocupa.

## II.

### A.     Junta de Libertad Bajo Palabra

La Constitución de Puerto Rico establece como política pública "reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Artículo VI, Sección 19, Const. PR, LPRA Tomo I. A esos fines, la Ley de la Junta de Liberta Bajo Palabra, Ley Núm. 118 de 22 de junio de 1974, según enmendada, 4 LPRA sec. 1501, crea la Junta de Libertad Bajo adscrita al Departamento de Corrección y Rehabilitación. Esta autoridad ostenta la facultad para conceder el privilegio de libertad bajo palabra de una persona recluida en una institución penal en Puerto Rico. Artículo 3d, Ley de la Junta de Libertad Bajo Palabra, *supra*, 4 LPRA 1503d.

Este sistema permite cumplir la última parte de su sentencia fuera de la institución penal, sujeto a la observancia de las condiciones que se impongan para conceder la libertad. *Quiles v. Del Valle,* 167 DPR 458, 475 (2006). Ahora bien, el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta. *Id*; *Pueblo v. Negrón Caldero*, 157 DPR 413, 418 (2002); *Pueblo v. Zayas Rodríguez*, 147 DPR 530, 535 (1999). La libertad bajo palabra solo será decretada para el mejor interés de la sociedad y cuando las circunstancias permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del delincuente.

Art. 3, Ley de la Junta de Libertad Bajo Palabra, supra, 4 LPRA sec. 1503; *Lebrón Pérez v. Alcaide, Cárcel de Distrito,* 91 DPR 567, 570 (1964).

El Artículo 3 de la precitada ley dispone que para determinar si conceder el privilegio de libertad bajo palabra, la Junta tendrá ante sí toda información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado. 4 LPRA sec. 1501. De igual modo, considerará la actitud de la comunidad respecto a la liberación condicional del sujeto y la evaluación de la Administración de Corrección. 4 LPRA sec. 1501.

Para dar cumplimiento a este mandato de ley, se creó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9232 de 18 de noviembre de 2020 (Reglamento Núm. 9232). Este reglamento establece lo concerniente a la concesión del privilegio de libertad bajo palabra. A esos fines, el Artículo XIV de la Sección 14.1(A) del Reglamento Núm. 9232, establece que "**[l]a Junta** tomará **su determinación a base de la preponderancia de la prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso**". (Énfasis suplido).

En lo pertinente, la Sección 10.1 del Art. X de dicha regulación dispone lo concerniente a los criterios de elegibilidad:

A. **La Junta evaluará las solicitudes del privilegio, caso a caso, conforme al grado de rehabilitación y ajuste que presente el peticionario durante el término que ha estado en reclusión**.

B. Al evaluar los casos, la Junta tomará en consideración los siguientes criterios con relación al peticionario:

1. Historial delictivo

[…]

2. Una relación de liquidación de la(s) sentencia(s) que cumple el peticionario.

3. **La clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello.**

   a. **La Junta no concederá libertad bajo palabra cuando el peticionario se encuentre en custodia máxima.**

4. La edad del peticionario.

5. La opinión de la víctima.

[…]

6. El historial social

    a. Se tomará en consideración la totalidad del expediente social.

    b. Si anteriormente ha estado en libertad bajo palabra, libertad a prueba o cualquier otro programa de desvío.
[…]

    c. El historial de ajuste institucional y el historial social preparado por el Departamento de Corrección y Rehabilitación.

    d. **Si se le han impuesto medidas disciplinarias, disponiéndose que no se tomarán en consideración aquellas medidas disciplinarias en las cuales ha transcurrido un (1) año desde la fecha en que se impuso dicha medida disciplinaria.**

    e. El historial de trabajo y/o estudio realizado en la institución.

    f. En los casos contemplados en el Artículo VII, Sección 7.4 de este Reglamento, el peticionario debe haber observado buena conducta en la institución por un lapso razonable de tiempo que no será menor de un (1) año natural, ininterrumpido, a la fecha de cumplir con las condiciones para el privilegio.

7. Si cuenta con un plan de salida estructurado y viable en las áreas de oferta de empleo y/o estudio, residencia y amigo consejero.

[…]
    d. Oferta de empleo y/o estudio.

        i. **Todo peticionario deberá proveer una oferta de empleo, en la alternativa, un plan estudios adiestramiento vocacional o estudio y trabajo.**

        ii. **La oferta de empleo se presentará mediante carta suscrita por la persona que extiende la oferta de empleo al peticionario, incluyendo la siguiente información:**

            (a) Nombre completo, dirección postal, física, electrónica y teléfono(s) de la persona que ofrece el empleo.

            (b) Nombre, dirección postal, física, electrónica y teléfono(s) y naturaleza del negocio en el cual se ofrece el empleo.

            (c) Funciones que ejercerá el peticionario y el horario de trabajo.

        iii. Los planes de estudio, incluyendo adiestramiento vocacional y/o el programa de estudio y trabajo, se presentarán sometiendo la carta de aceptación de la institución, educativa, con expresión del programa o facultad al cual ingresará.

        iv. La falta de oferta de empleo o estudio no será razón suficiente para denegar el privilegio.

        v. Se exime de presentar una oferta de empleo o estudios en aquellos casos en que el peticionario padezca de alguna incapacidad física, mental o emocional, debidamente diagnosticada y certificada por autoridad competente, o sea mayor de sesenta (60) años.

e. Residencia
   i. Todo peticionario tiene que indicar el lugar en el cual piensa residir de serle concedida la libertad bajo palabra, bien sea en una residencia o un programa interno.
   ii. De proponer una residencia, el peticionario proveerá el nombre completo, número de teléfono y correo electrónico de la persona con la cual residirá, o de algún familiar cercano, así como la dirección física de la residencia. En estos casos, se realizará una investigación sobre la actitud de la comunidad donde propone residir el peticionario, de serle concedida la libertad bajo palabra.

[...]

v. Para determinar si la vivienda propuesta es viable, la Junta considerará:
   (a) Las características personales e historial delictivo de las personas con las cuales convivirá el peticionario en la vivienda, y cómo el peticionario se relaciona con estos.
   (b) Opinión de la comunidad sobre la determinación de conceder el privilegio y las personas con las cuales convivirá el peticionario.
   (c) Condición de la planta física de la residencia y cantidad de habitantes de la misma.
   (d) Si la residencia propuesta está relativamente cercana a la residencia de la víctima de delito,
   (e) Si existe algún impedimento en ley para que el peticionario resida en la vivienda propuesta, excepto se encuentre incluido en el contrato de vivienda o certificación de la administración correspondiente.
   (f) Cualquier otra consideración que la Junta estime pertinente dentro de los méritos del caso individual.

[...]

12. **La Junta tendrá discreción para considerar los mencionados criterios según considere conveniente y cualquier otro meritorio con relación a la rehabilitación del peticionario y al mejor interés de la sociedad**. (Énfasis suplido)

En cumplimiento con lo anterior, remitirá a la Junta los siguientes documentos:

1. Informe para Posible Libertad Bajo Palabra (FEI-1).

2. El original expediente criminal y social del peticionario.

3. Informe de libertad bajo palabra debidamente cumplimentado.

   a. El Programa de Comunidad correspondiente remitirá este informe a la Junta, incluyendo la siguiente información:

      i. **Corroboración de plan de salida propuesto y la comunidad donde residirá el peticionario de concedérsele el privilegio**. (Énfasis nuestro)

    **ii.   Naturaleza y circunstancias del delito por el cual cumple sentencia.** (Énfasis nuestro).

    iii.   Historial de antecedentes penales.

    iv.   Historial social, educativo, laboral, médico, de ajuste institucional del peticionario.

    **v.   Historial de tratamientos para condiciones de salud, tales como adicción a drogas, alcoholismo, salud mental o física, entre otras. (Énfasis nuestro).**

    vi.   Opinión de la víctima.

        1.   Copia de las sentencias impuestas al peticionario.

        2.   […]

        3.   Hoja de liquidación de sentencia actualizada.

        **4.   Informe Breve de Libertad Bajo Palabra.**
          a.   Este informe será remitido, con dos meses de anticipación a la fecha en que la Junta volverá a evaluar el caso, y tendrá una vigencia de un (1) año desde la fecha de emisión.

            1.   Evidencia del historial de trabajo y estudio en la institución.

            2.   Copia de la carta de oferta de empleo o, en la alternativa, carta de aceptación de la institución donde cursará estudios el peticionario.

            **2.   Certificado de que el peticionario completó los tratamientos requeridos, y los informes de evaluación relacionados a dichos tratamientos**. (Énfasis nuestro).

            4.   Informe de Ajuste y Progreso.

              a.   […]

**12.  Evaluación médica, psicológica y/o psiquiátrica.**

    a.  **La Junta podrá requerir la evaluación médica, psicológica o psiquiátrica del Negociado de Rehabilitación y Tratamiento o de Salud Correccional o entidad análoga debidamente acreditada por el Estado**, **en aquellos casos en que la persona se encuentre cumpliendo sentencia por delitos contra la vida y/o delitos sexuales, conforme al derecho vigente a la fecha en que fue sentenciado, o en cualquier otro caso en que la Junta lo considere necesario**.
(Énfasis suplido). Artículo X, Sección 10.2(A), Reglamento de la Junta de Libertad Bajo Palabra, *supra*.

**B.    *Estándar  de  Revisión Judicial de  Determinaciones Administrativas***

Los tribunales revisores otorgamos gran deferencia a las determinaciones administrativas. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79, 89 (2022); Capó Cruz v. Junta de Planificación, 204 DPR 581, 591 (2020). Las agencias "poseen el conocimiento especializado sobre los asuntos que estatutariamente le han sido encomendados". *IFCO Recycling v. Aut. Desp. Sólidos, 184 DPR 712, 744* (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969,1002 (2011). Sus dictámenes están revistados de legalidad y corrección. *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 591 (2020); *Torres Santiago v. Depto. Justicia*, *supra*, pág.1003.

Ahora bien, las determinaciones agenciales están sujetas al proceso de revisión judicial ante el Tribunal de Apelaciones. Art. 4.006 de la Ley de la Judicatura, Ley Núm. 201-2003, 4 LPRA sec. 24y; *Oficina de Ética Gubernamental v. Martínez Giraud, supra, pág. 88; AAA v. UIA*, 200 DPR 903, 910 (2018). En sentido, la Sección 4.6 de la Ley de Procedimiento Administrativo Uniforme, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9676, faculta al tribunal intermedio a revisar decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. El alcance del proceso de revisión judicial está limitado a determinar: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas. 3 LPRA sec. 9676; Asoc. *FCIAS. v. Caribe Specialty II*, 179 DPR 923, 940 (2010). Los tribunales apelativos debemos sostener los dictámenes agenciales a menos que la presunción de legalidad haya sido superada. *Capó Cruz v. Junta de Planificación, supra.*

Las determinaciones administrativas se sostendrán siempre y cuando estén fundamentadas en evidencia sustancial que obre del expediente. Sección 4.5, Ley de Procedimiento Administrativo Uniforme, *supra*, 3 LPRA sec. 9675. La evidencia sustancial es "aquella evidencia

relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). *Pereira Suarez v. Jta. Dir. Cond.*, 182 DPR 485, 512 (2011). En ese sentido, "la parte que impugna judicialmente las determinaciones de hechos de una agencia administrativa tiene el peso prueba para demostrar que estas no están basadas en *el expediente o que las conclusiones a las que llegó la agencia son irrazonables*". *Oficina de Ética Gubernamental v. Martínez Giraud*, *supra*, pág. 89.

Por otro lado, "cuando de conclusiones de derecho se trata, los tribunales tenemos una amplia facultad de revisarlas completa y absolutamente". *IFCO Recycling v. Aut. Desp. Sólidos, supra,* pág. 745. *Assoc. Ins. Agencies, Inc. v. Com. Seg.* P.R., 144 DPR 425, 436 (1997). La Sección 4.5 de la Ley de Procedimiento Administrativo, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos". 3 LPRA sec. 2175. Solo intervendremos cuando la actuación administrativa resulte arbitraria, ilegal o irrazonable. *Capó Cruz v. Junta de Planificación, supra*, pág. 592. Lo anterior "no equivale a la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Junta de Planificación, supra,* pág. 591; *Rolón Martínez v. Caldero López*, 201 DPR 26, 36 (2018). La determinación de una agencia merece deferencia sustancial aun cuando su interpretación no sea la única razonable. *Torres Santiago v. Depto. Justicia, supra*, pág. 1003.

Cabe destacar que, las determinaciones de las autoridades correccionales merecen gran deferencia por parte de los tribunales. *Cruz Negrón v. Administración*, 165 DPR 341, 357 (2005). Los profesionales de estas agencias cuentan con la preparación, la capacidad y la experiencia para atender las necesidades de los confinados y realizar las evaluaciones pertinentes a la materia que atienden. (Énfasis nuestro) *Id.* pág. 355. De ordinario, los técnicos sociopenales, los oficiales o los consejeros correccionales conforman los comités de estas autoridades. *Id.*

**III.**

Es la contención del recurrente que en las determinaciones de hechos de la Resolución recurrida, la JLBP asumió eventos que la llevaron a concluir erróneamente en contra de concederle el privilegio de libertad bajo palabra**.**

Uno de los criterios a considerar por la JLBP al momento de evaluar la concesión del privilegio de libertad bajo palabra es si al miembro de la población correccional **se le han impuesto medidas disciplinarias, disponiéndose que no se tomarán en consideración aquellas medidas disciplinarias en las cuales ha transcurrido un (1) año desde la fecha en que se impuso la medida disciplinaria.**[1] Del expediente social del recurrente, evaluado por la JLBP surge que el 5 de diciembre de 2023 este fue objeto de una querella disciplinaria, por Uso de Equipo o Maquinaria sin Autorización, Abuso o Mal uso de Privilegio y Desobedecer una Orden Directa, por lo que fue sancionado mediante la imposición de las medidas disciplinarias de privación de privilegios de visita, comisaría, correspondencia, recreación activa y actividades especiales durante un término de quince (15) días. Si bien el recurrente no anejó al Recurso de Revisión copia del documento que acredita la imposición de la sanción disciplinaria, en su escrito reconoce que fue sancionado por los actos objeto de la querella disciplinaria. Razona el recurrente que como a pesar de ser sancionado se disculpó con el supervisor que radicó la querella, la JLBP debió atribuirle menos peso al asunto de la sanción disciplinaria al momento de evaluar la concesión del privilegio de libertad bajo palabra.

Es preciso destacar que el Artículo XIV de la Sección 14.1(A) del Reglamento Núm. 9232, establece que "[l]a Junta tomará su determinación a base de la preponderancia de la prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso".

En síntesis, la JLBP denegó al recurrente la concesión del privilegio de libertad bajo palabra por este poseer querella administrativa que fue

---

[1] *Véase* Apéndice 1 del Recurso de Revisión Judicial; Art. X, Sección 10.1 B 4(d), del Reglamento Núm. 9232*, supra* y la determinación de hecho, núm. 1 de la Resolución recurrida.

objeto de sanción disciplinaria, por estar clasificado en custodia mediana y por no surgir del expediente corroboración del Departamento de Corrección y Rehabilitación de la oferta de empleo sometida por el señor Valentín Ayala. Estos criterios, utilizados por la JLBP para la evaluación de la concesión del privilegio de libertad bajo palabra al señor Valentín Ávila se encuentran enmarcados en su ámbito discrecional, según fueron establecidos Reglamento Núm. 9232, *supra*.

De la totalidad de la evidencia que forma parte del expediente administrativo evaluado por la JLBP y conforme al derecho aplicable, resolvemos que dicho organismo actuó correctamente al denegarle al recurrente el privilegio de extinguir su sentencia en libertad bajo palabra. Es nuestro criterio que la decisión del foro recurrido está fundamentada en el mandato de ley que le fue encomendado por el legislador a la JLBP y en el ejercicio de la amplia discreción que le ha sido reconocida para decretar y revocar la libertad bajo palabra de cualquier persona recluida en las instituciones penales de Puerto Rico.

El recurrente no ha derrotado la deferencia que merece la decisión emitida por la JLBP, como el organismo administrativo cuasi judicial cuya finalidad es la rehabilitación del confinado, pero salvaguardando los mejores intereses de la sociedad y las víctimas de delito. Este no ha podido establecer que en el récord administrativo existe otra prueba que menoscabe el valor probatorio de la evidencia sustancial en la que está fundamentada la Resolución recurrida. Del mismo modo, el señor Valentín Ávila tampoco ha podido demostrar que la Junta incurrió en una aplicación errada del derecho.

La decisión emitida por la JLBP objeto de revisión mediante el recurso de epígrafe está basada y fundamentada en la evidencia sustancial que obra en el récord administrativo y en el "*expertise*" que se le reconoce a la JLBP en la aplicación e interpretación de su Reglamento, *supra.* A base de la evidencia sustancial que obra en el expediente administrativo y en la que la JLBP basó sus determinaciones de hecho, no albergamos duda

alguna de que la JLBP consideró y aplicó adecuadamente los criterios establecidos en el Reglamento Núm. 9232, *supra*, en el ejercicio de la discreción que le ha sido conferida. Ante la ausencia de prueba que establezca que ese foro actuó de forma arbitraria, ilegal, irrazonable, resolvemos conforme a la norma de deferencia que merece la Resolución recurrida en la que la JLBP denegó al recurrente el privilegio de libertad bajo palabra.

**IV**.

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, confirmamos la Resolución recurrida, emitida por la JLBP.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones