Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS R. RIVERA ROMERO<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | TA2025AP00067 | Apelación acogida como REVISIÓN ADMINISTRATIVA Procedente de la Junta de Libertad bajo Palabra<br><br>JUNTA Núm.: 147365<br><br>Sobre:<br>Moción en Solicitud de Reconsideración (No Ha Lugar) |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

El 1 de julio del año en curso, el Sr. Luis R. Rivera Romero (señor Rivera Romero o el recurrente) compareció ante este Tribunal de Apelaciones mediante recurso de *Apelación.*[1] En este, nos solicitó la revocación de la *Resolución* emitida por la Junta de Libertad Bajo Palabra (la Junta o la parte recurrida) el 19 de abril de 2025. Mediante el aludido dictamen, la Junta denegó la solicitud de remoción del grillete electrónico que el recurrente presentó.

Por los fundamentos que a continuación esbozamos, resolvemos confirmar la decisión recurrida.

**I.**

El 13 de abril de 2023, el señor Rivera Romero fue excarcelado en virtud del Programa de Pase Extendido bajo supervisión electrónica del Departamento de Corrección y Rehabilitación (DCR). Actualmente, cumple

---

[1] Mediante *Resolución* del 8 de julio de 2025 acogimos la apelación como un recurso de *Revisión Administrativa*, aun cuando conservó la identificación alfanumérica originalmente asignada.

una sentencia de veinte años por los delitos de tentativa de asesinato atenuado, robo agravado, escalamiento agravado, uso de disfraz e infracción a la Ley de Armas.

Así las cosas, el 21 de marzo de 2025, el señor Rivera Romero le solicitó a la Junta la remoción del dispositivo de monitoreo electrónico (grillete). En el escrito, planteó que el uso del grillete se convirtió en un obstáculo para su estabilidad y desarrollo. Argumentó que ha enfrentado rechazo y discriminación, lo que resultó en un impacto negativo a su bienestar físico y emocional. A pesar de su cabal cumplimiento con las condiciones de libertad, la permanencia del grillete no resulta razonable y se convirtió en una barrera innecesaria para su desarrollo como ciudadano productivo.

Posteriormente, el 25 de marzo de 2025, se celebró una vista de seguimiento con la comparecencia del señor Rivera Romero, quien, de manera informada, expresó que no deseaba estar representado por un abogado. También compareció la Técnico Sociopenal del recurrente quien es la encargada del caso en el Programa de Comunidad de Bayamón del DCR. A solicitud del recurrente, la vista se convirtió en una de enmienda al mandato.

Completados los procesos de rigor, la Junta emitió una *Resolución* el 19 de abril de 2025, notificándola el 12 de mayo de 2025. Esta contiene las siguientes determinaciones de hechos:

1. El liberado se encuentra bajo el privilegio de libertad bajo palabra desde el 18 de enero de 2024. Cumple la sentencia, tentativamente, el 22 de diciembre de 2029.

2. El liberado cumple una sentencia de veinte (20) años por los delitos de Tentativa de Asesinato Atenuado, Robo Agravado, Escalamiento Agravado, Uso de Disfraz e Infracción a la Ley de Armas.

3. El liberado ha mantenido ajustes adecuado[s] bajo el privilegio.

4. Asiste puntualmente a las citas en el programa de Comunidad del DCR conforme le es requerido.

5. El liberado reside con su familia en la Calle El Vigía #Y-3 Urbanización Colinas Metropolitana en el Municipio de Guaynabo, Puerto Rico. En la comunidad no se presentan quejas de su conducta.

6. El 20 de enero de 2024, el liberado fue referido al programa SPEA del DCR, para evaluación y tratamiento. El 7 de febrero de 2024 fue evaluado por el Programa Nuevo Amanecer en Bayamón en el área de alcohol y drogas, el cual no ameritó tratamiento.

7. Desde el 31 de junio de 2023 hasta el 1 de febrero de 2025 trabaj[ó] en la Empresa United Solas Family, como gerente de venta por servicios profesionales. El 2 de febrero de 2025, comenzó a laborar para la compañía de Rotann Group, L.L.C., de lunes a sábado de 8:00 a.m. a 10:00 p.m., realiza el trabajo en el área de compras y logística. Además, trabaja para la firma de abogados Prado Núñez & Asociados, donde se desempeña como mensajero entre otras funciones.

8. El liberado somete sus informes mensuales de amigo consejero explicando sus actividades del mes anterior.

9. No se ha dado ninguna alerta en el sistema de supervisión electrónica.

10. El 24 de febrero de 2025, le fue realizada la prueba toxicológica con resultado negativo[.] [D]icha prueba fue realizada por el personal del Instituto de Reeducación de Puerto Rico.

11. Se benefici[ó] de las terapias individualizadas en SPEA y se procedió con el Cierre del Caso el 8 de agosto de 2024, posterior a ser entrevistado por el personal pertinente.

12. El liberado solicita que se le remueva el brazalete electrónico y que se tome en consideración los ajustes que ha tenido desde que se encuentra bajo el privilegio de libertad bajo palabra. Indica que no cuenta con problemas en la comunidad. Que estuvo bajo Pase Extendido con monitoreo electrónico desde el 13 de abril de 2023[,] por lo tanto hoy en día lleva casi dos años con grillete. Expresa que siente discriminación en algunos lugares donde va a trabajar y lo ven con el grillete y le dicen que es un delincuente[,] que no van a ser negocio[,] que se vaya. Incluso[,] una vecina le pidió que le arreglara una bombilla y cuando le vio el grillete le dijo que se fuera[,] que no (la técnico indica que habl[ó] con la vecina y le dijo que el liberado estaba teniendo buenos ajustes y las cosas se calmaron). Expresa el liberado que esto lo ha llevado a tener ansiedad y en ocasiones tiene miedo de perder su empleo.

13. El licenciado Prado en su escrito mencionó[,] entre otras cosas[,] el trabajo que realiza el liberado de tiempo completo[,] el cual conlleva movilidad constante por toda la isla, interacción con proveedores y clientes y un alto grado de responsabilidad. Expresa el licenciado Prado que el uso del grillete de monitoreo electrónico se ha convertido en un obstáculo significativo para su estabilidad y desarrollo debido a los siguientes factores:

    a. Discriminación y estigma en el ámbito laboral–La presencia del grillete[,] rechazo y discriminación[,] afectado sus relaciones comerciales y limitando sus oportunidades de

crecimiento[.] Esta situación lo coloca en una desventaja innecesaria que obstaculiza su rehabilitación.

b. Impacto en su bienestar físico y emocional -Desde que fue obligado a portar el grillete electrónico, ha experimentado episodios de insomnio severo, afectando su descanso y rendimiento. A pesar de su cumplimiento, el estrés y la incomodidad asociados a este dispositivo han deteriorado su calidad de vida.

14. El licenciado Prado arguy[ó] que la permanencia del grillete de monitoreo electrónico no resulta proporcional ni razonable y se ha convertido en una barrera innecesaria para el pleno desarrollo como ciudadano productivo.

15. La tss expresa que el liberado cumple con todas las condiciones de su Mandato[,] no tiene ningún reparo que le sea removido el grillete, sus ajustes son positivos y por eso entiende que cuenta con los méritos para dicha remoción y continue la próxima etapa de su rehabilitación. La tss entiende que el liberado no es un peligro para la sociedad. Indicó que cuando se le realice la bonificación conforme la ley 66 del 2022[,] el máximo de la sentencia estaría para el año 2027.

Inconforme con lo resuelto, el recurrente sometió una *Moción de Reconsideración* el 27 de mayo de 2025. En el escrito, adujo que la Junta no valoró adecuadamente su historial de cumplimiento. Enfatizó que ha tenido un historial ejemplar y que su tiempo restante bajo libertad supervisada sería aproximadamente dieciocho meses (18). La Junta emitió una *Resolución* el 30 de mayo de 2025, notificada el 2 de junio del mismo año, donde determinó no ha lugar la reconsideración.

Aún inconforme, el 1 de julio de 2025, el señor Rivera Romero instó el recurso de marras. Aunque no hizo un señalamiento propio de errores como requiere la Regla 59(C)(c) de nuestro Reglamento que haga,[2] presentó los siguientes argumentos para su revocación:

A. El grillete ya cumplió su propósito conforme a la Ley y el Reglamento de la Junta.

B. La Junta incurre en error de hecho al restarle valor al cumplimiento del Recurrente.

C. El brazalete electrónico se ha convertido en un impedimento activo a su rehabilitación y resulta irracional considerando el tiempo restante del cumplimiento.

---

[2] In re Aprob. Enmdas. Reglamento del Tribunal de Apelaciones, 2025 TSPR 42, 215 DPR ___.

Habiéndosele advertido a la parte recurrida la necesidad de comparecer dentro del plazo reglamentario, así lo hizo el 29 de julio de 2025, mediante *Escrito en Cumplimiento de Resolución*. En síntesis, al expresarse sobre el recurso arguyó que la decisión de la Junta se basó en el limitado tiempo que lleva el recurrente en libertad bajo palabra, la naturaleza de los delitos y la necesidad de observar ajustes por un tiempo adicional.

Así pues, con el beneficio de ambas partes y luego de evaluar sus argumentos, confirmamos el dictamen recurrido. Veamos porqué.

**-II-**

*A.*

La competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq*. A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671. Sobre el alcance de esta revisión, la Sección 4.5 de la LPAU establece que las determinaciones de hechos de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente, mientras que las conclusiones de derecho serán revisables en todos sus aspectos.[3]

En nuestro ordenamiento jurídico ha sido la norma general por años que las conclusiones e interpretaciones de las agencias merecen gran consideración y respeto y que su revisión judicial se limita a determinar si estas actuaron arbitraria o ilegalmente. Ahora bien, recientemente nuestro Tribunal Supremo, en consideración del lenguaje específico de la Sección 4.5 de la LPAU, adoptó la normativa establecida en <u>Loper Bright</u>

---

[3] 3 LPRA Sec. 9675.

Enterprises v. Raimondo, 603 US 369 (2024). Así pues, concluyó que la interpretación de las leyes es una tarea inherente de los tribunales. En virtud de ello, enunció que, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos y no guiarse por la deferencia automática que se aplica a estas decisiones. Vázquez v. Consejo de Titulares, 2025 TSPR 56, 215 DPR _____. Específicamente, nuestro más alto foro allí consigno que "[…] los tribunales deben ejercer un juicio independiente al decidir si una agencia ha actuado dentro del marco de sus facultades estatutarias. Pero principalmente, contrario a la práctica de las pasadas décadas, **los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua."** (énfasis en el original)[4]

*B.*

La Junta de Libertad Bajo Palabra fue creada mediante la aprobación de la Ley Núm. 118 de 22 de julio de 1974, 4 LPRA sec. 1501 et seq. Este organismo tiene la autoridad de conceder a cualquier persona recluida en una institución correccional de Puerto Rico, el privilegio de cumplir la última parte de su condena en libertad bajo palabra.[5] Es menester señalar que "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la JLBP." Quiles v. Del Valle, 167 DPR 458, 475 (2006).

A esos fines, el Artículo 4 de la Ley Núm. 118-1974, *supra*, regula la jurisdicción de la Junta de la siguiente manera:

> En los casos de las personas convictas conforme al vigente Código Penal del Estado Libre Asociado, la elegibilidad de los casos para consideración por la Junta se determinará conforme a la clasificación de gravedad de delito y a las condiciones para su concesión que establece el mencionado cuerpo legal.[6]

---

[4] Es importante destacar que en el citado caso nuestro más alto foro no modificó la evaluación y respetó las determinaciones de hechos alcanzadas por las agencias.

[5] Véase, 4 LPRA sec. 1503; Benítez Nieves v. ELA et al., 202 DPR 818, 825, 835 (2019); Maldonado Elías v. González Rivera, 118 DPR 260, 275 (1987).

[6] 4 LPRA sec. 1504.

Considerado este requisito jurisdiccional, la Junta tendrá facultad para evaluar si procede conceder el privilegio de libertad bajo palabra a la luz de una serie de requisitos establecidos en el Artículo 3-D de la precitada Ley.[7] De cumplir con tales criterios, el solicitante del privilegio tendrá la oportunidad de extinguir la última parte de su sentencia fuera de la institución penal sujeto a la observancia de las condiciones que se impongan para conceder la libertad. Quiles v. Del Valle, *supra*, pág. 475. No obstante, la libertad bajo palabra sólo será decretada en consideración del mejor interés de la sociedad y cuando las circunstancias permitan creer con razonable certeza que tal medida habrá de lograr la rehabilitación moral y económica del confinado.[8]

Así pues, y con el fin de establecer las normas procesales que regirán en el descargo de su función adjudicativa, la Junta aprobó el Reglamento de la Junta de Libertad Bajo Palabra, Reglamento Núm. 9603 del 25 de septiembre de 2024, (en adelante el Reglamento). El Artículo X del mencionado Reglamento, establece los criterios a ser considerados por la Junta. Allí, se menciona el historial delictivo, una relación de liquidación de la(s) sentencia(s) que cumple el peticionario, la clasificación de custodia, el tiempo que lleva en dicha clasificación y si hubo cambio de clasificación y las razones para ello, la edad del peticionario y la opinión de la víctima, entre otros.

De otra parte, en su Artículo XII, el Reglamento regula la consideración de casos para libertad bajo palabra. Particularmente, guía lo concerniente a la vista de consideración, la reconsideración de casos, la determinación sobre libertad bajo palabra y la renuncia al privilegio.[9] De concederse la libertad bajo palabra, la Junta impondrá las condiciones

---

[7] 4 LPRA sec. 1503d.
[8] Art. 3, Ley Núm. 118, supra, 4 LPRA sec. 1503. Véase, además: Lebrón Pérez v. Alcaide, Cárcel de Distrito, 91 DPR 567, 570 (1964).
[9] Véase Artículo XII, sección 12.1 a la sección 12.4 del Reglamento.

mandatorias y especiales que entienda aconsejables para la rehabilitación del liberado. Asimismo, tendrá discreción para modificar, cambiar, imponer y eliminar todas y cada una de las condiciones que estime necesarias y convenientes para conceder la libertad bajo palabra.

Mientras, el Artículo XIII dicta la celebración de vistas de seguimiento para evaluar los ajustes del liberado en la libre comunidad. La vista de seguimiento, podrá convertirse en una de investigación o una de modificación del Mandato. Así, la Sección 13.2 del Reglamento autoriza a la Junta a celebrar vistas a los fines de enmendar el Mandato, ya sea para cambiar, eliminar, incluir o modificar las condiciones en él impuestas. La Junta tomará su determinación a base de la preponderancia de prueba, a la luz de la prueba presentada durante la vista y la totalidad del expediente del caso.[10]

### III.

El recurrente acude antes nos y solicita que revoquemos el dictamen emitido por el foro administrativo. En esencia, indica que la Junta abusó de su discreción y carece de justificación fáctica al descartar toda la evidencia positiva provista por el recurrente. A tales efectos, plantea que presentó prueba positiva hacia su rehabilitación y reclama que, al ignorarla, la Junta actuó irrazonablemente y en contra del expediente, por lo que debe revocarse su decisión. Así, establece que el uso continuado del grillete, más allá de su propósito inicial, carece de justificación fáctica y representa un abuso de discreción administrativa. En contrario, señala que el grillete se ha transformado en un obstáculo real y continuo para su bienestar físico y emocional.

Por su parte, la Junta arguye que la determinación "fue razonable y descansó en el expediente administrativo, en las circunstancias del caso, en

---

[10] Sección 14.1(A) del Reglamento.

su *expertise*, y en su amplia discreción para modificar las condiciones de libertad bajo palabra, a los fines de garantizar la total rehabilitación del recurrente".

Evaluado el legajo, no cabe duda de que el recurrente ha cumplido cabalmente con las condiciones dispuestas por la Junta. La Junta no lo niega. Ahora, la decisión de la Junta debe ser evaluada sobre **la totalidad de las circunstancias**.

En el caso de autos, el señor Rivera Romero se encuentra bajo el privilegio de libertad bajo palabra desde el 18 de enero de 2024. Ello significa, que a la fecha en que emitimos esta Sentencia, han transcurrido poco menos de dos (2) años desde que disfruta tal prerrogativa. La *Resolución* recurrida establece que la remoción del grillete no le fue concedida por la Junta al considerarse el tiempo que lleva bajo el privilegio y la naturaleza de los delitos por los que extingue sentencia.

Conforme señalamos anteriormente, la Junta está facultada para conceder a cualquier persona recluida en una institución correccional de Puerto Rico, el **privilegio** de cumplir la última parte de su condena en libertad bajo palabra. Es también quien tiene ante sí el deber y la **discreción** de imponer las condiciones por las cuales el recluso llevará a cabo su privilegio, según los criterios.

Es nuestro criterio que la decisión del foro recurrido está fundamentada en el mandato de ley que le fue encomendado por el legislador y en el ejercicio de la **amplia discreción** que le ha sido reconocida para decretar las condiciones otorgadas de la libertad bajo palabra. Es importante indicar que la Junta mantuvo el privilegio de que continuara beneficiándose de la libertad bajo palabra por su buen ajuste y progreso. Ahora bien, dejó inalterado la condición de que continuara con el brazalete o grillete electrónico, toda vez que, debido a la totalidad de las

circunstancias, incluyendo el periodo de ajuste y la naturaleza de los delitos por los cual cumple condena, entendió no procedía la remoción en este momento. Además, calendarizó una vista de seguimiento para el mes de mayo del año 2026.

El recurrente no ha derrotado la deferencia que merece la decisión emitida por la Junta, como el organismo administrativo cuasi judicial cuya finalidad es la rehabilitación del confinado. Este no ha podido establecer que en el récord administrativo existe otra prueba que menoscabe el valor probatorio de la evidencia sustancial en la que está fundamentada la *Resolución* recurrida. Del mismo modo, tampoco ha podido demostrar que la Junta incurrió en una aplicación errada del derecho, ni estableció que el tener el grillete le impida llevar a cabo sus responsabilidades como parte de su plan de rehabilitación.

Ante la ausencia de prueba, concluimos que la Junta actuó dentro del marco de sus facultades estatutarias. Asimismo, finiquitamos que ese foro actuó razonablemente y, al resolver como hizo, se basó en el expediente administrativo, por lo que le brindamos la deferencia que merece.

**IV.**

Por los fundamentos antes esbozados, confirmamos la *Resolución* emitida por la Junta de Libertad Bajo Palabra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones