| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| REY RICARDO RODRÍGUEZ AYALA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrida | TA2025RA00269 | Revisión procedente de la Junta de Libertad Bajo Palabra<br><br>Caso núm.: 148040<br><br>Confinado núm.: B7-30901<br>B 308-10045<br><br>Sobre:<br>No Concesión del Privilegio de Libertad bajo Palabra – Volver a Considerar |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2025.

La Junta de Libertad Bajo Palabra (la "Junta") denegó una solicitud de privilegio de libertad bajo palabra, ello al considerar que están presentes "factores de riesgo" que surgen de una evaluación psicológica así como la "naturaleza del delito". Según se explica en detalle a continuación, procede la confirmación de la decisión recurrida.

I.

El Sr. Rey Ricardo Rodríguez Ayala (el "Recurrente") cumple una sentencia de 93 años de reclusión por asesinato en primer grado y violaciones a la Ley de Armas. La fecha tentativa para cumplir su sentencia es el 5 de noviembre de 2087. El Recurrente advino elegible para ser considerado por la Junta en mayo de 2017. El Recurrente solicitó a la Junta que le concediera el privilegio de libertad bajo palabra.

Mediante una Resolución notificada el 20 de agosto de 2025, la Junta denegó la solicitud del Recurrente. En lo pertinente, la Junta razonó que, según una "evaluación psicológica por parte de la Sección del Programa de Evaluación y Asesoramiento (SPEA)" del Departamento de Corrección y Rehabilitación ("Corrección"), "surgen unos factores de riesgo fundamentales que inciden en falta de controles que tiene que seguir atendiendo [el Recurrente] a través de su plan institucional". Ello, en unión a "la opinión de las partes perjudicadas, así como la peligrosidad, naturaleza y circunstancias de los delitos por los cuales cumple sentencia" el Recurrente, llevó a la Junta a determinar no conceder el privilegio al Recurrente.

Oportunamente, y a través de un representante legal, el Recurrente solicitó reconsideración a la Junta, lo cual fue denegado mediante una Orden notificada el 9 de septiembre.

El 29 de septiembre, por derecho propio, el Recurrente suscribió y entregó a Corrección el recurso que nos ocupa. Plantea que, en realidad, "no existen riesgos de ninguna clase" y que, según una certificación de Salud Correccional, él no "amerita terapias psicológicas y psiquiátricas". El Recurrente acompañó un formulario emitido el 3 de septiembre de 2025 por *Physician Correctional,* en el cual está marcado un encasillado que asevera que el Recurrente "no cumple con los criterios de admisión para servicios de salud mental en este momento". Resolvemos.

## II.

Al evaluar una solicitud de revisión judicial, los tribunales deben otorgar deferencia a las decisiones que toman las agencias administrativas cuando no hay controversia sobre el alcance y significado de una disposición estatutaria; adviértase que son éstas las que, de ordinario, poseen el conocimiento especializado para atender los asuntos que les han sido encomendados por ley. *Camacho Torres v. AAFET,* 168 DPR 66, 91 (2006).

Se presumen correctas las determinaciones de hecho emitidas por las agencias administrativas y éstas deben ser respetadas a menos que quien las impugne presente evidencia suficiente para concluir que la decisión de la agencia fue irrazonable de acuerdo con la totalidad de la prueba examinada. *Íd.* Por lo tanto, cuando el derecho es claro, "la revisión judicial ha de limitarse a determinar si la agencia actuó arbitrariamente … o de manera tan irrazonable que su actuación constituyó un abuso de discreción". *Íd.*

Por su parte, debemos sostener las determinaciones de hecho de la agencia cuando estén basadas en evidencia sustancial que surja del expediente administrativo. 3 LPRA sec. 9675. Sin embargo, el tribunal podrá revisar en todos sus aspectos las conclusiones de derecho de la agencia. *Íd*; *Vázquez Torres v. Consejo de Titulares*, 2025 TSPR 56 ("los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua").

En resumen, al ejercer su facultad revisora, el tribunal debe considerar los siguientes aspectos: (1) si el remedio concedido fue apropiado; (2) si las determinaciones de hecho están basadas en evidencia sustancial que surge del expediente, y (3) si las conclusiones de derecho fueron correctas. *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012); *Vázquez Torres, supra.*

III.

La Junta está autorizada a "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico […]" para que cumpla la última parte de su sentencia fuera de la institución. Arts. 1 y 3 de la Ley Núm. 118 de 22 de julio de 1974, según enmendada ("Ley 118"), 4 LPRA secs. 1501 y 1503.

El beneficio de la libertad bajo palabra es un privilegio, no un derecho, y se le otorgará a un confinado cuando sirva al mejor

interés de la sociedad y propicie la rehabilitación moral y económica del individuo, según la sana discreción de la Junta. *Quiles v. Del Valle*, 167 DPR 458, 475 (2006); *Lebrón Pérez v. Alcaide, Cárcel de Distrito*, 91 DPR 567, 570-571 (1964); *Emanuelli v. Tribunal de Distrito*, 74 DPR 541, 549 (1953).

Al determinar si se concederá el referido privilegio, la Junta tomará en consideración varios criterios establecidos por ley, incluidos, por ejemplo, "la opinión de la víctima", "la naturaleza y circunstancias del delito o delitos por los cuales cumple sentencia" el solicitante, así como "la totalidad del expediente penal, social, y los informes médicos e informes por cualquier profesional de la salud mental, sobre el confinado". Artículo 3-D de la Ley Núm. 118 del 22 de julio de 1974, 4 LPRA sec. 1503d. La norma es que la Junta "tendrá la discreción para considerar" los referidos criterios "según estime conveniente". *Íd.*

## IV.

Concluimos que procede confirmar la decisión recurrida, pues el Recurrente no demostró que la misma sea irrazonable o contraria a derecho.

La Junta explicó que su determinación responde a unos "factores de riesgo fundamentales que inciden falta de controles" por el Recurrente, ello según surge de una evaluación psicológica reciente. Contrario a lo que plantea el Recurrente, no procede que descartemos esta determinación fáctica de la Junta exclusivamente sobre la base de un escueto formulario, preparado por *Physician Correctional* luego de emitida la decisión de la Junta, del cual solo surge que el Recurrente no necesita ser admitido para recibir servicios de salud mental. Puesto de otra forma, el hecho de que, según el referido formulario, el Recurrente no necesite "tratamiento" por una condición de salud mental no es incompatible con una conclusión, producto de una evaluación psicológica, a los efectos de

que el Recurrente presenta unos "factores de riesgo" en cuanto a "falta de controles".

En consecuencia, no podemos concluir, ni el Recurrente nos ha convencido, que la Junta haya actuado de forma irrazonable al no concederle el privilegio de libertad bajo palabra. Por el contrario, su determinación se basó en la ley y la reglamentación que rigen su discreción y en la evidencia sustancial que obraba en el expediente que tenía ante sí.

V.

Por los fundamentos expuestos, se confirma la resolución recurrida.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones